THE STATE v. JOHN VINSON, ORA GOODIN and ROY GOODIN, Appellants.—87 S. W. (2d) 637.

Division Two, November 5, 1935.

*L. L. Collins, Herman Pufahl* and *Nelson B. Evans* for appellant.

*Roy McKittrick*, Attorney General, and *Wm. W. Barnes*, Assistant Attorney General, for respondent.

1024

LEEDY, C.—Appellants were jointly charged by information in the Circuit Court of Dallas County with the offense of grand larceny. Upon a trial they were convicted, and the punishment of each was separately assessed by the jury at a term of two years in the penitentiary. After an unavailing motion for a new trial, they appealed, but have filed no brief in this court.

The transcript of the record, as originally certified by the clerk and filed in this court, failed to include a copy of the information, or even to show that one was ever filed. Thereafter, a motion suggesting diminution of the record in the respect mentioned was filed by the Attorney General, praying "that a writ of certiorari issue . . . directing said clerk to certify to this court that part of the record as herein complained of, that the whole record may be before this court." The motion was sustained, and certiorari ordered issued. In compliance therewith, there came in a copy of the information, showing the same to have been filed on March 29, 1934. ■ Accompanying the transcript is what purports to be a copy of the bill of exceptions, but it is not authenticated by the certificate of the circuit clerk. In this situation, there is nothing before us except the record proper. [State v. Ragg, 337 Mo. 436, 84 S. W. (2d) 911, and numerous cases therein cited.] It may be added that it does not appear from the record entries that a bill of exceptions was ever filed, and the purported copy on its face fails to show that it was ever signed and approved by the trial judge, or anyone else having authority in that behalf.

■ Under the statute (Sec. 3760, R. S. 1929, 4 Mo. Stat. Ann., sec. 3760, p. 3298) it is our mandatory duty to examine the record proper, if it is properly before us. The information is verified, and alleges every necessary element required to charge the crime of grand larceny. It describes the chattels alleged to have been stolen as "One cream separator McCormick Deering make, of the value of Seventy-five Dollars, and one set of harness of the value of Twenty-five dollars of the goods and chattels of one Vernie Icenhower." We think it sufficient. The verdict reads as follows:

"We, the jury, find the defendant John Vinson guilty as charged, and assess his punishment at 2 years in State penitentiary.

"We, the jury, find the defendant Ora Goodin guilty as charged, and assess his punishment at 2 years in State penitentiary;

"We, the jury, find the defendant Roy Goodin guilty as charged, and assess his punishment at 2 years in State pentientiary.

"V. M. ATCHLEY, Foreman."

It will be observed that it separately finds each defendant guilty, and separately fixes the punishment of each at terms within the limits prescribed for the offense. It is sufficient in both form and substance.

In addition to the matters just mentioned, the record entries show the various steps taken leading up to and at the trial, as well as the filing and overruling of a motion for new trial, and the affidavit for, and the allowance of an appeal. It is apparent, therefore, that the case ought to be affirmed if sentence was pronounced and judgment entered in accordance with the verdict. But the transcript wholly fails to show the judgment entry, if, in fact, judgment was entered on the verdict. The only entry appearing in the transcript relating thereto reads as follows: "Now on this day the motion for new trial heretofore filed in this cause, after being seen, heard and duly considered, is by the court overruled, *and defendants sentenced.*" Whether the entry "defendants sentenced," taken in connection with the verdict, and other entries herein referred to would have been sufficient to have authorized the entry of the judgment *nunc pro tunc,* is a question not before us. That the judgment, even in a criminal case, may be so entered, is not open to question, and this is true notwithstanding the allowance of an appeal. [State v. Collins, 225 Mo. 633, 125 S. W. 465.] But that procedure was not attempted to be followed here, and in this situation the respondent contends "the trial judge is entitled to presumption of right action. In this case that each defendant was sentenced in accordance with the verdict." More particularly, respondent's brief on the point recites: "In State v. Lettrell, 39 S. W. (2d) l. c. 558, this court said: 'In the absence of the record to the contrary, the trial court is presumed to have performed its duty.' Respondent therefore contends, that where the record recites 'defendants sentenced,' that the presumption obtains that each defendant was duly sentenced to serve two years in the State penitentiary, in accordance with the verdict." We think the two cases cited are without application, under the facts of this record. The excerpt quoted from the Lettrell case is from a statement made in connection with an assignment relating to a communication with the jury alleged to have been made by the judge while not in open court or in the presence of the defendant. It appeared that court convened just before the jury was ready to report. There was no effort to prove what communi-

cation the judge sent to the jury, and so it was held, and properly so, that the circuit judge was entitled to the presumption of right action, the assignment and evidence in support of it presenting nothing tangible for review. The excerpt from the Lettrell case quotes only a portion of the sentence of which it is a part. In full it is, "In State v. Barr, supra, we announced the general rule that, in the absence of the record to the contrary, the trial court is presumed to have performed its duty." But an examination of the Barr case itself (326 Mo. 1095, 1. c. 1100, 34 S. W. (2d) 477) expressly holds there is no presumption that the trial court performed *every* act necessary in the regular progress of a case. It says that "in many instances . . . the chasm is bridged" by the presumption that the court performed its duty, then proceeds to point out, "the record proper, for instance, must affirmatively show that the jury was sworn. [State v. Mitchell, 199 Mo. 105, 97 S. W. 561, 8 Ann. Cas. 749.] It must show such formalities as the filing and overruling of the motion for new trial, the filing of the bill of exceptions, and allowance of allocution, unless the same is waived. It must show that an indictment or information was filed, and that the trial proceeded upon that indictment or information."

In practice sentence is pronounced orally, and when this has been done in defendant's presence, he has been accorded the full measure of his right, and the court may thereafter write out the sentence in his absence. [8 R. C. L., sec. 234, p. 235.] Judgment FREEMAN, in his authoritative work on Judgments [(5th Ed.), Vol. 1, section 49, pages 83, 85] makes this observation concerning the importance and necessity of the judgment entry: ". . . Hence all courts and all tribunals possessing judicial functions are required by the written or unwritten law, and often by both, to reduce their decisions to writing in some book or record kept for that purpose. The requirement is believed to be of universal application. . . . The record, if not made up, or if lost or destroyed, should be perfected or replaced by appropriate proceedings in the court where the judgment was pronounced . . . While in one sense a judgment is 'rendered' when it is announced by a judge, yet until that judgment is entered of record there is no competent evidence of such rendition. It cannot exist or be dependent upon the memory of the officers of the court or any memorandum not embraced in the record which the law provides shall be made."

 The few cases dealing with the question of the effect of a mere oral announcement of a sentence, establish the rule that the oral statement of the judge, without an entry thereof in the records, does not constitute a conclusive judgment. [59 A. L. R. 521, note.] Our own investigation discloses only one criminal case where a conviction was affirmed under a record affirmatively showing that the judgment entry was not before this court. The case referred to is State v. Dalton

(Mo.), 289 S. W. 569. The question not having been raised or discussed therein, the case cannot be regarded as controlling authority. However, the entry there was "that judgment was rendered in accordance with the verdict." There is no such recital in the record before us. In State ex rel. v. Goodrich, J., 159 Mo. App. 422, 140 S. W. 629, it was said: "After the expiration of the term at which a judgment is rendered, the court can speak only by its records, and, though a judgment actually was pronounced, if the act is not made the subject of an entry, either by the judge or clerk, the judgment loses its vitality from the complete lack of authentic means of support. To hold otherwise would be to say that a judgment might rest alone in the memory of the judge, or to ignore the rule that a court can speak by its records alone."

The statute (Secs. 3756, 3757, R. S. 1929, 4 Mo. Stat. Ann., secs. 3756, 3757, pp. 3292, 3295) makes it the duty of the appellant in cases of this character, to file "a full transcript of the record in the cause, including the bill of exceptions, *judgment and sentence.*" The clerk's certificate recites "that the above and foregoing (transcript) consisting of four sheets, is a full and true transcript of *all* the entries made in the records of this court relating to the above entitled cause." We have held appellant remiss in his duty with respect to bringing up the bill of exceptions, and, accordingly, *for his fault,* we have declined to review the alleged errors upon the trial. And the rule is if an appellant has failed to bring up enough of the record to enable us to pass on his case, his appeal should be dismissed. [State v. Kaiser, 318 Mo. 523, 300 S. W. 716; State v. Craft, 334 Mo. 311, 66 S. W. (2d) 521; State v. Fish (Mo.), 217 S. W. 19.] But should this penalty be visited upon an appellant where, as here, he has performed his duty insofar as he may, and when, for no default or omission on his part, he is unable to bring up such a record as the statute contemplates? The statute, Section 3715, Revised Statutes 1929 (4 Mo. Stat. Ann., sec. 3715, p. 3265), provides it is the duty of the clerk, whenever a judgment upon a conviction shall be rendered, to "enter such judgment fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts." And it is further provided: "But the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the *validity* of the judgment." Under Section 3740, Revised Statutes 1929 (4 Mo. Stat. Ann., sec. 3740, p. 3286), an appeal lies only from a "final judgment rendered upon any indictment or information." [State v. Hewitt (Mo.), 246 S. W. 246.] And in Ex parte Hartley, 330 Mo. 338, 49 S. W. (2d) 119, it was held: "There is no final disposition of a cause until there is a final judgment, and a court does not lose jurisdiction of a case until final judgment is entered, though such be not done until a subsequent term." In such cases as the Hewitt

case, and State v. Clapper, 196 Mo. 42, 93 S. W. 384, State v. Blanchard (Mo.), 21 S. W. 758, the records were quite similar to, but not exactly like, that in the case at bar, and the approved practice was held to be to set aside the submission and remand the case with directions to pronounce sentence and enter judgment upon the verdict as rendered. It will be noted, however, that in those cases it did not appear that the defendants had been "sentenced." The language in the Clapper and Blanchard cases being respectively, "An inspection of the record discloses that *no sentence was pronounced* or judgment rendered," and *"no sentence was pronounced;* no judgment of any kind was entered." (Italics ours.)

Deeming it essential that, for the purpose of appellate review, the judgment entry upon conviction be preserved and shown by the transcript of the record, the submission is set aside and the case remanded with directions to enter judgment in accordance with the verdict. All concur.