248 S.W.2d 635 (1952)
STATE
v.
SKAGGS.
No. 42958.
Supreme Court of Missouri, Division No. 1.
May 12, 1952.
*636 Melvin Englehart, Fredericktown, for appellant.
J. E. Taylor, Atty. Gen., B. A. Taylor, Asst. Atty. Gen., for respondent.
COIL, Commissioner.
An information filed in the Circuit Court of Wayne County charged Bige Skaggs with cutting and destroying trees, the property of a corporation. Section 560.480, RSMo 1949, V.A.M.S.
Appellant Skaggs (hereinafter called defendant) has caused to be filed in this court, according to the clerk's certificate attached thereto, "a true and complete transcript of the record in the cause wherein the State of Missouri is plaintiff and Bige Skaggs is defendant, as the same now appears of record in my said Court."
This record contains entries showing that on September 24, 1951, defendant appeared in person, refused counsel, waived formal arraignment, and entered a plea of guilty, whereupon he was sentenced to two years in the penitentiary; that on September 28, 1951, defendant, through an attorney, filed a verified application praying that the "order" entered on the 24th day of September, 1951, be set aside and defendant be permitted to withdraw his plea of guilty and enter a plea of not guilty. Attached to this application are the affidavits of defendant's wife and two other persons. The record then contains this: "And Thereafter, towit, on the 1st day of October, 1951, this cause coming on for hearing, the Court overrules the Application by the Defendant, Bige Skaggs, to Withdraw his Plea of Guilty.
"To which action and ruling of the Court the Defendant, at the time objected and excepted."
The record further shows that on October 3, 1951, a motion for new trial was filed (a copy of which motion is contained in the record) in which defendant alleged error in that the court overruled his motion to withdraw his plea of guilty and in that the court should have permitted defendant to offer evidence in support of his application. The motion for new trial was overruled on October 30, 1951, and on the same day an appeal was allowed to this court.
Defendant contends that the trial court abused its discretion in overruling his application to withdraw his plea of guilty "or at least to permit the Appellant to be heard on his Motion".
A defendant may not withdraw a plea of guilty as a matter of right. Whether he may do so is within the discretion of the trial court. The action of the trial court in refusing to permit the withdrawal of a plea of guilty is reviewable on appeal to this court. State v. Cochran, 332 Mo. 742, 744[1], 60 S.W.2d 1, 2[1]; State v. Hare, 331 Mo. 707, 713[1, 2], 56 S.W. 2d 141, 144[1-4].
The "transcript of the record" filed here is not a "transcript on appeal" which has been settled, prepared, served, and filed in the manner provided by section 512.110, RSMo 1949, V.A.M.S. S.C. *637 Rule 1.34. No bill of exceptions as provided for by S.C. Rule 1.31 has been filed. Consequently, the "transcript of the record" here may be considered only as a record proper. Defendant's application to withdraw his plea of guilty and the attached affidavits, and his motion for new trial (assuming that the motion for new trial has any validityhaving been filed after sentence), are not parts of the record proper but should be contained in a duly authenticated bill of exceptions, or in a "transcript on appeal" as provided by S.C. Rule 1.34. State v. Jordan, 353 Mo. 405, 407[1], 182 S.W.2d 563[2-5]; State v. Abbott, Mo.Sup., 236 S.W.2d 592, 594[2, 3]; State v. Pippey, 335 Mo. 121, 126[1, 2], 71 S.W.2d 719, 721[2-4, 5-7]; State v. Settle, 329 Mo. 782, 786, 46 S.W.2d 882, 883.
But more important, their inclusion, even if properly so, in the record before us presents nothing for review. This, for the reason that the application to withdraw the plea of guilty, the supporting affidavits, and the motion for new trial, do not prove themselves. State v. Jordan, supra, 182 S.W.2d 563[2-5]; State v. Creeley, 254 Mo. 382, 397, 162 S.W. 737, 741[5]. Consequently, the record before us discloses only that on October 1, 1951, the cause came on for hearing and the court overruled the application of defendant to withdraw his plea of guilty. Under these circumstances, and in the absence of anything on the face of the record to indicate the manner in which the application was presented to the trial court, whether evidence was adduced (if so, such evidence is not before us), and in the absence of anything to indicate that the court refused to permit defendant to offer evidence in support of his application, there is nothing for us to review in this regard. We must assume in this state of the record that, regardless of the manner in which the matter was submitted to the court, the court was fully advised and acted properly under the circumstances. State v. Wynne, 353 Mo. 276, 281[2], 182 S.W.2d 294, 295 [2]; State v. Jordan, supra, 182 S.W.2d 564[7]; State v. Henson, 290 Mo. 238, 244, 234 S.W. 832, 834[2,3]; State v. Todd, Mo.Sup., 248 S.W. 939, 940[4].
As heretofore noted, defendant contends in his brief that not only was no evidence heard on his application to withdraw his plea of guilty, but that he was refused the right to offer evidence or to be heard on his application. In oral argument in this court, counsel for defendant, in answer to specific inquiry by the court, stated that the application to withdraw the plea of guilty was overruled without any hearing thereon and when neither defendant nor his counsel was present in court. If, in fact, such occurred, it was the duty of defendant to see to it that proper entries were made in the record proper and to otherwise make a record, including any evidence proffered or adduced, and to properly bring it here in order that we may review the trial court's action.
We have no hesitation in saying that, generally speaking, it was the duty of the trial court to accord to defendant, if he requested and desired it, a hearing on his application to withdraw his plea of guilty. And we may further say that if at any such hearing defendant's evidence supported the conclusions contained in his verified motion and the three supporting affidavits thereto, and in the absence of any countervailing evidence, such evidence would strongly support the conclusion that defendant should be permitted to withdraw his plea of guilty. State v. Hovis, 353 Mo. 602, 183 S.W.2d 147; State v. Cochran, supra; State v. Dale, 282 Mo. 663, 222 S. W. 763; State v. Stephens, 71 Mo. 535.
It is our duty in any event to review the record proper. An examination of it discloses that it does not contain a judgment of the court. The only entries referring in any way to sentence and judgment are:
"Be It Remembered; that on the 24th day of September, 1951, being the first day of the Regular September Term 1951, of the Circuit Court of Wayne County, Missouri, the above entitled cause came on to be heard; plaintiff appearing by Honorable Roy W. McGhee, Jr., Prosecuting Attorney *638 and defendant appearing in person. Defendant refuses counsel. F.A.W. and plea of guilty entered. After allocation. Formerly sentenced to two years in penitentiary."
The above is a minute entry and is not and does not purport to be a judgment entered of record. Also, there is appended to one of the affidavits a certificate of the sheriff indicating that he intended to deliver defendant to the state penitentiary in compliance with an order and judgment of the Circuit Court of Wayne County. This obviously is not a proper part of the record and cannot be considered in determining whether there was a judgment entered by the trial court.
We may not review the record proper in the absence of a judgment entry. State v. Vinson, 337 Mo. 1023, 87 S.W.2d 637; State v. White, 339 Mo. 1019, 1024, 99 S.W.2d 72, 75[9, 10].
It is the duty of appellant in a case such as this to furnish a full transcript of the record including the judgment and sentence. Sections 547.110, 547.120 R SMo 1949, V.A.M.S. In those cases in which an appellant fails to bring up enough of the record to permit review, his appeal is dismissed. But where, as here, defendant has caused to be filed a record which the clerk of the trial court certifies to be a true and complete transcript of the record, defendant has performed the duty upon him and the omission of an essential part of the record proper is without defendant's fault. Indeed, the record being a "complete" transcript affirmatively (by reason of its absence) shows the failure of the court to enter a judgment. In these circumstances, the appeal will not be dismissed. State v. Vinson, supra.
It is the duty of the clerk of the trial court to enter the judgment rendered and the duty of the trial court to inspect the judgment so entered, but failure to perform these duties does not impair the validity of the judgment. Section 546.590, RSMo 1949, V.A.M.S. Thus, as in this case, where it appears from a minute entry that defendant was sentenced but there is no record of a judgment entry, proper disposition is to set aside submission of the case here and remand it with directions to the trial court to enter judgment. State v. Vinson, supra; State v. White, supra; State v. Pruitt, Mo.Sup., 169 S.W.2d 399, 400[4].
The submission of this appeal is, therefore, set aside and the cause remanded to the Circuit Court of Wayne County with directions to enter judgment in accordance with defendant's plea of guilty.
VAN OSDOL and LOZIER, CC., concurs.
PER CURIAM.
The foregoing opinion by COIL C., is adopted as the opinion of the court.
All concur.