**STATE of Missouri, Respondent,**

v.

**M. Dean HODGES, Appellant.**

**No. 50516.**

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, Missouri, for respondent.

Kelso Journey, Clinton, for appellant.

PRITCHARD, Commissioner.

Defendant by his appeal seeks to be relieved of a judgment of conviction of the crime of forgery (§ 561.011, RSMo 1959, V.A.M.S.) of an insured's name to an insurance company proof of collision loss upon the ground that he was not permitted to withdraw his plea of guilty and enter a plea of not guilty to the charge contained in the information under Supreme Court Rule 27.25, V.A.M.R.

The facts are these: On November 4, 1963, defendant appeared in person and with his then counsel, Mr. Scott R. Traylor, in open court. The trial court thereupon advised defendant of the charge contained in the information. The court inquired of defendant if he had talked over the matter with his counsel; if his counsel had explained the criminal charge to him—the possible punishments that could be inflicted if defendant were convicted of the charge; and of defendant's constitutional right to stand trial by a jury if he chose, to all of which defendant answered in the affirmative. Defendant was then asked by the court if he was ready to answer the charge just explained to him, to which de-

fendant also answered in the affirmative. Defendant then personally entered his plea of guilty. The court inquired as to defendant's past criminal record and the prosecuting attorney stated that he had none. Mr. Traylor then requested that a presentence investigation be made which was granted by the court, and the sentence was ordered deferred until November 25, 1963, at 9:00 a. m.

On November 26, 1963, defendant filed his motion to withdraw his plea of guilty and for leave to enter a plea of not guilty, at this time being represented by Mr. Kelso Journey, upon the grounds that his guilty plea was entered under a misapprehension of the facts and a mistaken belief of the law applicable to the accusation set forth in the information; that at the time of entering his guilty plea defendant was under the apprehension that he was guilty as charged because one Howard Davison (the insured under an automobile collision policy) had not personally granted him authority to sign his name to a proof of loss resulting from a collision of his automobile being operated by his son, Michael Davison, with another. It was further alleged in the motion as follows: That defendant operated a claim adjusting service for several insurance companies and was employed by Davison's insurer to adjust and pay the claim for collision loss on the latter's automobile. The named insured, Howard Davison, was not available and defendant relied upon his son, Michael, who had possession of the automobile and represented himself to be and acted as the agent of his father to negotiate settlement of the claim. Defendant did investigate the claim, and Michael secured estimates of the repair to the automobile, of which the Terrill-Phelps Chevrolet Company of Springfield, Missouri, was lowest— $575.80. That Michael, as agent for his father, made a tentative settlement of the collision loss, $525.80 (the Terrill-Phelps estimate less the $50 deductible provision of the policy), and Michael authorized defendant to sign the name of Howard Davison to whatever papers were necessary to effectuate the settlement. That defendant did prepare a proof of loss as aforesaid under the authority of Michael, with no intent to defraud. Further allegations were made in the motion that defendant had no previous criminal record of convictions; that at the time of entering his guilty plea he was under the stress of worry and embarrassment for himself and his family because of being charged with the crime, and was not in possession of all his faculties and reasoning ability; that the plea of guilty was entered because of a combination of his mistaken belief of the law applicable to the facts and without a full understanding of its serious consequences, and because further he acted in part upon what he considered advice of friends and former fraternity brothers in the prosecuting attorney's office that such procedure was the best way to dispose of the matter, was less expensive and burdensome to both himself and his parents, and was the most expedient course to take while laboring under the misapprehension aforesaid.

Defendant's said motion was heard and overruled by the trial court on the same day it was filed, and the following evidence was received in support thereof: Defendant testified that prior to June 14, 1963, he owned and operated an insurance claims adjusting company at 1152 South Glenstone, Springfield, Missouri. He represented some 42 different companies as an independent adjuster. The Jack Hamlin Insurance Agency of Springfield called him with respect to adjusting a loss of an insured, Howard Davison, of Elkland, Missouri, of the St. Lawrence Insurance Company. He was unable to make any personal contact with Mr. Davison, but did contact his son, Michael, who was the operator of the car involved in the collision. Defendant took a statement from Michael, ordered a State Patrol report and talked with the attorney who represented the other parties and with insurance people. He made verification of the policy coverage, took two repair estimates from Michael, and checked out the low estimate for accuracy, defendant himself being a qualified physical damage appraiser. Defendant told Michael at the time that he

would have to check out the estimates as to overlap and flat rate. Michael then told defendant, "Well, whatever papers you need, get 'em, I didn't think about this," and he said, "just so we get our money; you know we got took by Guaranty and we don't want to get stuck again."

Defendant prepared the proof of loss and signed thereon the name of Howard Davison. His position at the hearing on the motion was that he had no intent to defraud and that this was done pursuant to the authority given to him by the son of Howard Davison. Defendant also prepared a draft upon the insurance company payable to Howard Davison, and upon the lower right-hand face thereof defendant signed the name of his employee, one W. L. Huffhines. Huffhines' name was also written by defendant as a witness to the name of Howard Davison on the reverse side of the proof of loss. Defendant endorsed the name of Howard Davison on the reverse of the draft and gave it to another person as payment on a debt of defendant. He testified that he got the money for the Davisons, but did not give it to them—that he didn't have time to get it to Mr. Davison. Defendant was arrested on July 3, and the draft was dated June 14. He went to Elkland about June 16 to deliver the money to the Davisons, but they were not at home.

Defendant's sole point which he briefs to this court is that the trial court abused its discretion in overruling his motion to withdraw plea of guilty and for leave to enter plea of not guilty. He first argues that he had a misconception of the law applicable and the nature of the charge—that only the insured, Howard Davison, could give authority to sign his name personally and directly and not by agent (his son Michael Davison).

As stated, defendant was accorded a full hearing on his motion, as was proper. State v. Skaggs, Mo., 248 S.W.2d 635, 637 [7]; State v. Williams, Mo., 361 S.W.2d 772, 774 [2]. Only the defendant testified in support of his motion, and he was cross-examined

with respect thereto. It was for the trial court to believe or not believe his testimony with respect to any misapprehension of the law (that authority given by an agent to sign the proof of loss might be a defense to the charge). Evidently, the trial court having the defendant before him did not believe his testimony bearing upon this matter, nor that of the defendant with respect to alleged misrepresentations made to him by the assistant prosecuting attorney at the time of his arrest. The entire record of this hearing justifies a conclusion that defendant could have been under no mistake or misapprehension as to the charge or defenses thereto. He admitted that he signed other persons' names to the proof of loss, and to the draft issued by him for the amount of the claim. He negotiated the draft in payment of his own personal debt, and never did deliver any money to the insured. These acts tend to rebut his belated contention that he had no intent to defraud.

The record does not support defendant's contention that Mr. Yocom, the assistant prosecuting attorney, lulled defendant into a state of complacency. Defendant's own testimony does not reveal that he was misled, induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or holding out hopes which prove to be false or ill-founded, which facts, if they existed, would be the basis for granting permission to withdraw a plea of guilty under State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2 [5–8]. No inference may be legitimately drawn that Mr. Yocom induced or held out hopes to defendant to plead guilty by his statement to defendant that he wanted to help him and wanted to work the thing out at the time of defendant's arrest, July 3, 1963 (at which time defendant employed Mr. Traylor as his counsel), or that defendant was guilty and that was the only way they "would go on it."

The persuasive facts of this case are that defendant was never overreached at any time so that he was caused improvidently to enter his plea of guilty to the charge. He

was represented prior to the plea by counsel of his own choice with whom he consulted with respect to the seriousness of the charge and possible punishments. The court, with great caution in explaining defendant's constitutional rights of trial by jury, received his plea of guilty. Upon this record we are convinced that defendant voluntarily and understandingly entered such plea. Therefore, there was no abuse of discretion by the trial court in denying defendant's motion.

In our examination of the matters specified in Supreme Court Rules 28.02 and 28.08, V.A.M.R., we find no error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.