John **WATSON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54419.

Supreme Court of Missouri,
Division No. 2.

Nov. 10, 1969.

Owen T. Armstrong, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

By grand jury indictment John Watson and James E. Redus were jointly charged with first degree murder in the death of Joseph Klearman. By substitute information in lieu of indictment they were subsequently charged with the same offense, and the substitute information also alleged two previous convictions of a felony by Redus and four previous convictions of a felony by Watson. On November 3, 1966, Redus entered a plea of guilty to second degree murder and was sentenced to imprisonment for a term of twenty years. Immediately following the sentencing of Redus, Watson appeared before the same judge, entered a plea of guilty to second degree murder, and also was sentenced to imprisonment for a term of twenty years. Watson (hereafter referred to as defendant) has now appealed from the order of the circuit court, entered after an evidentiary hearing, overruling his motion pursuant to Supreme Court Rule 27.26, V.A. M.R., to set aside his plea of guilty. We affirm.

At the time defendant entered his plea of guilty his appointed counsel was Mr. John H. Nolde who had associated with him Mr. William Kelleher, both experienced lawyers with considerable practice in criminal cases. The testimony at the hearing on the motion discloses that prior to November 3, 1966, counsel for Redus and counsel for defendant had several discussions with the assistant circuit attorney. These discussions included the reduction of the charge from first degree murder to second degree murder, and the recommendation on the part of the assistant circuit attorney as to punishment in the event of a plea of guilty. The result was that the assistant circuit attorney advised the trial judge, as to both Redus and defendant, that he would recommend a term of fifteen years, and the trial judge advised

him that he would not impose a sentence less than twenty years. After further discussions, Redus entered his plea of guilty and was sentenced, and counsel for defendant and counsel for the State thought defendant wanted to enter a plea of guilty with the understanding that the punishment would be imprisonment for twenty years. When defendant was then brought into the courtroom with his counsel, the court was advised by the State's attorney that the charge was to be reduced to second degree murder, and the following occurred:

"The Defendant: Can I say something? I am pleading not guilty. I want a criminal lawyer to defend my case.

The Court: You mean you don't want to dispose of your case now, is that right? You changed your mind?

The Defendant: Yes, sir.

The Court: Since there was this discussion?

The Defendant: Yes, sir.

The Court: You have got a good lawyer there but that's not for me to pass on. You don't want to plead guilty?

The Defendant: I want to plead not guilty and I want counsel.

The Court: How soon can you get new counsel?

The Defendant: I'll write a letter this evening.

The Court: I don't think that we ought to try to proceed further under the circumstances and we won't make any further record. Of course we will have to postpone your case then, won't we?

The Defendant: How long?

The Court: Either to December 5 or December 12. Which do you want? Better get your new lawyer quick."

At this point in the transcript there appears some asterisks. At the hearing on the motion Mr. Kelleher testified that in view of his previous conversations with defendant, the announcement of defendant to the trial judge that he wanted to plead not guilty came as a surprise. Mr. Kelleher also testified that he conferred with defendant following his announcement in court, but he was not asked, and he did not state the substance of that conversation. The transcript does not show the period of time which elapsed, but following the asterisks the transcript shows the following:

"The Court: I just had proceeded to the point where the State had changed the charge from murder in the first degree to murder in the second degree. I was about to ask Mr. Kelleher and you, John Watson, what the plea is as to this. I have read two statements that were taken from you, and without in any way trying to talk you into doing what you just last said, which is you plead guilty, it was said before the reporter started writing, the fact is you ought to have it on your conscience sufficiently to recognize some guilt, but I want you to freely make your own choice as to whether you want to be tried by jury or want to plead guilty.

The Defendant: I want to plead guilty.

The Court: Among other things involved, all who act together in a criminal activity are equally guilty, and so you are saying to me that you recognize that you, as well as Redus, were responsible for the killing of Mr. Klearman, is that right?

The Defendant: I didn't admit nothing.

The Court: You say you plead guilty. The only thing you are charged with, you are not being charged with burglary from the place or taking an automobile, you are being charged that you, along

with Redus, caused the death of Mr. Klearman in circumstances that amount to murder in the second degree. Now you are admitting to that, aren't you, when you glead guilty?

The Defendant: Yes, sir.

The Court: I have read your statement in which you said you struck him once with your fist and then again with an iron pipe; that's a fact, isn't it?

The Defendant: Yes, sir.

The Court: Now the circumstances were just described to me;—

Mr. Walsh: The same, your Honor.

The Court: —they don't need to be redescribed to Watson beyond what I have just described. You know a man who participates in murder in the second degree would be sent to the penitentiary for a period of time, don't you?

The Defendant: Yes, sir.

The Court: You have had the advice of Mr. Kelleher, he has explained to you the views of the Court and of the prospects, is that correct?

The Defendant: Yes, sir.

The Court: And even now I have told you you can have a trial if you want. You have said to me that you prefer to plead guilty, is that correct?

The Defendant: Yes, sir."

At the hearing on the motion defendant testified that prior to the time he entered the courtroom and announced that he wanted to plead not guilty, he had discussed his case with his attorney and had told him that he wanted to enter a plea of guilty. He also stated that he knew that Redus had entered a plea of guilty and had been sentenced to twenty years. He admitted that he changed his mind, but he offered no explanation for the change. He stated that after the trial judge told him of the necessity for a continuance, he held a discussion with the judge, and that the judge told him that if he went to trial and was found guilty he would receive a punishment of "life or death." Defendant stated that his attorney was present during his conversation with the judge but did not say anything. The trial judge indicated that he recalled no such statement by him and counsel for the state and for defendant could not recall such a statement. Although Mr. Kelleher testified that he was present as counsel for defendant when he entered his plea of guilty, and that he had discussed the case with him, defendant testified that Mr. Kelleher was not present and that Mr. Nolde was there and talked to him. We note that the record indicates the presence of Mr. Kelleher.

In April 1956 defendant gave a statement to the police in question and answer form in which he admitted that he and Redus committed an assault on Joseph Klearman, and that after Redus had struck Klearman with a pipe and knocked him unconscious, he, defendant, went through his pockets and took some money and car keys, and that he, defendant, also struck Klearman in the back of the head with a pipe and his fist. During the examination of defendant at the hearing on the motion his counsel read to him from the statement each question and his answer, and then asked him if he gave that answer. Defendant admitted giving the statement and, he also admitted giving many of the answers contained in the statement including his admission that he struck Klearman in the back of his head with his fist. He denied that he said he struck Klearman with a pipe and that he searched his pockets and took money and car keys. Significantly, defendant did not testify that the statement was not voluntary on his part. His only challenge was that it did not correctly set forth some of his answers. It is also significant that he did not testify that at the time he entered his plea of guilty he was misled, that he did not understand the nature of the charge to which he pleaded guilty, or that he entered the plea by reason of threats, promises, or false hope.

The trial judge found that at the time defendant entered his plea of guilty he was accompanied and represented by Mr. William Kelleher, and that after he had stated he wanted to plead not guilty the reporter discontinued reporting the conversation. Thereafter defendant stated that he wished to plead guilty, and that what then occurred was transcribed by the reporter. After reciting in detail what occurred, and reviewing the testimony at the hearing, the trial court concluded that the plea of guilty was voluntarily entered after advice of counsel, and the motion was overruled.

■ In its memorandum opinion the trial court made the statement that the proceeding on November 3, 1966, when defendant entered his plea of guilty, was "not governed" by Supreme Court Rule 25.04, V.A.M.R., and in his brief to this court defendant assigns as error that statement. Assuming that the statement of the trial court was incorrect, and we think it was, it is immaterial if the evidence at the hearing on the motion establishes that the plea of guilty was made voluntarily with understanding of the nature of the charge. See State v. Mountjoy, Mo., 420 S.W.2d 316, 323. The other contentions of defendant are to the effect that his plea was not voluntarily and understandingly made, and we shall review the contrary findings by the trial court with specific reference to defendant's contentions on this appeal.

■ A defendant may not by reason of Supreme Court Rule 27.25, V.A.M.R., withdraw his plea of guilty as a matter of right, State v. Skaggs, Mo., 248 S.W.2d 635, but the procedure provided is appropriate and available after imposition of sentence only "to correct manifest injustice." In the determination of the fact issues the trial court is clothed with that discretion exercised by a trial court when acting as the trier of facts, State v. Mountjoy, Mo., 420 S.W.2d 316, 323, and on appeal our review is limited to a "determination of whether the findings, conclusions and judg-ment of the trial court are clearly erroneous." Supreme Court Rule 27.26(j), V.A. M.R.

■ Defendant's specific contentions are that the trial court erred in not finding that his plea of guilty was equivocal and not voluntary, and that the court should not "have referred to and relied upon" the statement allegedly made to the police by defendant without the benefit of counsel.

The record shows that there were negotiations between defendant's counsel and the assistant circuit attorney, and that after defendant advised his counsel he wanted to plead guilty he apparently changed his mind. As a result of this the trial court correctly stated that a continuance was necessary, and the record clearly shows that the trial court had no intention of accepting a plea of guilty under the situation then before him. Thereafter, defendant again changed his mind and advised his counsel he wanted to plead guilty. He was then a second time brought before the trial court with his counsel, and in unequivocal language he stated to the court that he "wanted to plead guilty," that he struck Klearman with his fist and an iron pipe and that he and Redus caused the death of Klearman, that he knew that a person who participated in second degree murder would receive a penitentiary sentence, that his counsel had advised with him, and that he knew he could have a trial if he wished. At the hearing on the motion defendant did not claim that at the time he entered his plea of guilty he was threatened or misled, or that he was caused to enter the plea as the result of promises or a misunderstanding on his part. As to the consideration by the trial court of the statement, defendant admitted he made a statement, and he made no contention that it was involuntary or coerced. He did testify that he had not made some of the answers set forth in the statement, but at the time of entering his plea of guilty he affirmatively stated that the answer in the statement that he had struck Klearman with an iron pipe was correct. At most the ques-

tion and answer statement would have gone to the issue of guilt, and in view of defendant's plea of guilty it was proper for the trial court to look at the statement as one of the circumstances to be considered in determining whether he would accept the plea.

By reason of the evidence adduced at the hearing on the motion, which included the transcript of what occurred at the time the plea of guilty was entered, the findings of the trial court are not clearly erroneous.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.