**STATE of Missouri, Plaintiff-Respondent,**

v.

**David Lewis POGUE,
Defendant-Appellant.**

**No. 10550.**

Missouri Court of Appeals,
Springfield District.

May 18, 1977.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David G. Neal, Eminence, for defendant-appellant.

PER CURIAM:

Defendant was jury convicted of manslaughter. The transcript on appeal recites: "Thereafter, on December 3, 1976, the Court made the following docket entry: '12–3–76 State appears by  .  .  .; defendant in person and by attorney  .  .  .; Motion for New Trial overruled; allocution granted; it is the order and judgment defendant be committed to Missouri Department of Corrections for five years in accordance with jury verdict  .  .  ..' "

Rule 27.11, V.A.M.R., provides: "Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to

the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

By approving the transcript, the parties thereby represent to us that it "correctly includes all of the record." Rule 81.12(c), V.A.M.R. Therefore, we may assume that no judgment, as required by Rule 27.11, supra, was entered for the docket entry of December 3, 1976, supra, cannot be transmogrified into a judgment by merely being given that name in defendant's notice of appeal. *Williams v. Williams*, 480 S.W.2d 525, 527 (Mo.App.1972).

The failure to enter the judgment required by Rule 27.11 is not the fault of the appellant. Consequently, his appeal will not be dismissed. However, it is essential, for the purpose of appellate review, that the judgment entry upon conviction be preserved and shown by the transcript on appeal. To that end we must hold the appeal in abeyance, remand the cause to the trial court for entry of judgment required by Rule 27.11, and reinstate the appeal upon receipt of a supplemental transcript containing said judgment. *State v. Skaggs*, 248 S.W.2d 635, 638[9–14] (Mo.1952); *State v. Vinson*, 337 Mo. 1023, 1027–1028, 87 S.W.2d 637, 640[8] (1935).

The appeal is ordered held in abeyance and the cause is remanded to the trial court with directions to enter judgment in accordance with the verdict.

All concur.