STATE of Missouri, Plaintiff-Respondent,

v.

Gary Michael ASBERRY,
Defendant-Appellant.

No. 10465.

Missouri Court of Appeals,
Springfield District.

July 14, 1977.

---

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David G. Neal, Eminence, for defendant-appellant.

PER CURIAM:

A jury found defendant guilty of burglary in the first degree and fixed punishment at five years' imprisonment. The transcript on appeal, approved by the parties and thereby represented as correctly including all of the record (Rule 81.12(c), V.A.M.R.), contains "the following entry . . . : Motion for new trial overruled. . . . Allocution was granted and Defendant was sentenced and punishment was fixed in accordance with jury verdict [and] same is fixed at (5) five years in the department of corrections. . . . Allocution, Judgment and Sentence. . . ."

Rule 27.11, V.A.M.R., requires that "Whenever a judgment upon a conviction shall be rendered . . . , the clerk . . shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

It is obvious that the aforesaid "entry" was merely that and not a judgment as required by the rule, for it nowhere gives a clue to "the offense for which such conviction shall have been had," and the "entry" cannot be transmogrified into a judgment by merely being given that name in the notice of appeal or in the index of the transcript. *Williams v. Williams,* 480 S.W.2d 525, 527 (Mo.App.1972).

Failure to enter the judgment required by Rule 27.11 is not appellant's fault and his appeal will not be dismissed. Nonetheless, as it is essential for the purpose of appellate review that the judgment entry upon conviction be preserved and shown by the transcript, we must hold the appeal in abeyance, remand the cause to the trial court from whence it came for entry of the required judgment, and reinstate the appeal upon receipt of a supplemental transcript containing said judgment. *State v. Skaggs,* 248 S.W.2d 635, 638[9–14] (Mo.1952); *State v. Vinson,* 337 Mo. 1023, 1027–1028, 87 S.W.2d 637, 640[8] (1935); *State v. Pogue,* 552 S.W.2d 75 (Mo.App.1977).

It is so ordered.

All concur.