STATE of Missouri, Plaintiff-Respondent,

v.

John JACKSON, Defendant-Appellant.

No. 10509.

Missouri Court of Appeals, Springfield District.

Aug. 11, 1977.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gene A. Hilton, Camdenton, for defendant-appellant.

PER CURIAM:

Defendant was jury-convicted (Count I) of attempted second degree burglary and (Count II) possession of a burglary tool. On October 8, 1976, defendant was afforded allocution and the court rendered judgment and pronounced sentence in accordance with the verdict. Defendant appealed.

Rule 27.11, V.A.M.R., mandates that "Whenever a judgment upon a conviction shall be rendered . . ., the clerk . . shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

The transcript filed herein does not contain a judgment entry required by Rule 27.11. As it is essential for the purpose of appellate review that the judgment entry upon conviction be preserved and shown by the transcript, we shall not dismiss the appeal but hereby do order that the appeal be held in abeyance, that the cause be remanded to the trial court for entry of a judgment required by Rule 27.11, and that the appeal be reinstated upon receipt of a supplemental transcript containing said judgment. *State v. Skaggs*, 248 S.W.2d 635, 638[9–14] (Mo. 1952); *State v. Vinson*, 337 Mo. 1023, 1027–1028, 87 S.W.2d 637, 640[8] (1935); *State v. Pogue*, 552 S.W.2d 75 (Mo.App. 1977); *State v. Asberry*, 553 S.W.2d 902 (Mo.App. 1977).

It is so ordered.

All concur.