**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thomas Clifford RIDEEOUTTE,
Defendant-Appellant.**

**No. 10724.**

Missouri Court of Appeals,
Springfield District.

Dec. 15, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lloyd R. Henley, Springfield, for defendant-appellant.

PER CURIAM:

Appellant was found guilty of burglary in the second degree and stealing by a Greene County jury on June 8, 1977. Appellant was thereafter sentenced to two-year terms of confinement for each crime. The trial court specified that said sentences were to be served consecutively.

The parties to the appeal have approved the transcript and affixed their signatures

thereto. Rule 81.12(c), V.A.M.R., authorizes approval of the transcript on appeal when said transcript correctly reflects all the requisite record of the cause. The instant transcript is deficient in that it contains a transcribed document styled: "SENTENCE TO DIVISION OF CORRECTIONS ON VERDICT OF JURY". Said document does not demonstrate the date on which it was entered, assuming, arguendo, that said document was ever entered, upon the records of the circuit clerk contrary to Rule 27.11, V.A.M.R.

Were it not for the provisions of Rule 27.11, this court might assume that the task required by said rule had been accomplished but merely omitted from the record. Nevertheless, it is essential that the judgment entry and the date said entry was made be preserved and shown by the record. Therefore, we hold the appeal in abeyance and remand the cause for supplementation of the record. *State v. Pogue*, 552 S.W.2d 75 (Mo.App.1977).

It is so ordered.

All concur.