STATE of Missouri,
Plaintiff-Respondent,

v.

Henry J. WOODS, Defendant-Appellant.

No. 10676.

Missouri Court of Appeals,
Springfield District.

Jan. 11, 1978.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Charles E. Buchanan, Public Defender, Joplin, for defendant-appellant.

STONE, Judge.

On February 28, 1977, a Jasper County jury found defendant guilty of auto theft. On March 23, 1977, defendant filed a timely motion for new trial, which was overruled on April 5, 1977. On April 15, 1977, allocution was granted and the court pronounced the "[j]udgment and sentence of the Court that the defendant be sentenced to the custody of the Department of Corrections for a term of ten years."

Rule 27.11, V.A.M.R., provides that "[w]henever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

The transcript in this case includes the above-quoted *rendition* of judgment by the court but no *entry* of judgment by the clerk is shown. Rule 81.12(c), V.A.M.R., authorizes non-judicial approval of a transcript on appeal only where ". . . the parties agree that the transcript correctly includes all of the record . . . ." Since opposing counsel of record in this court have affixed their signatures to the transcript beneath an entry entitled "Approval of Transcript," certainly we can not assume that the circuit clerk's duty to enter the judgment of record has been fulfilled.

It is essential for the purpose of appellate review that upon conviction the clerk's entry of judgment and sentence be preserved and included in the transcript. Therefore, we must hold the appeal in abeyance, remand the cause to the trial court for entry of the required judgment, and thereafter reinstate the appeal upon receipt of a supplemental transcript containing a proper judgment. *State v. Shipman,* 560 S.W.2d 603 (Mo.App.1978); *State v. Asberry,* 553 S.W.2d 902, 903(2) (Mo.App.1977); *State v. Pogue,* 552 S.W.2d 75, 76 (Mo.App.1977). *See also State v. Skaggs,* 248 S.W.2d 635, 638(9–14) (Mo.1952); *State v. Vinson,* 337 Mo. 1023, 1027–28, 87 S.W.2d 637, 640(8) (1935).

It is so ordered.

BILLINGS, C. J., and HOGAN, TITUS and FLANIGAN, JJ., concur.