**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Sharon Jean GONTERMAN,**
**Defendant-Appellant.**

**No. 10881.**

Missouri Court of Appeals,
Springfield District.

April 27, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Tyce S. Smith, Waynesville, Marshall R. Weinberg, Chicago, Ill., for defendant-appellant.

PER CURIAM.

Defendant was charged with two counts of possession of controlled substances. Count I charged defendant with possession of lysergic acid diethylamide. Count II charged defendant with possession of phencyclidine. Trial began before a jury. The parties thereafter agreed that the remainder of the case would be tried before the court.

Thereafter, the court made the following entries:

"COURT'S DOCKET ENTRIES"

"Dec 5 '77. State appears by Pros. Atty. and Def. appears in person and by atty. Court takes up defendant's motion for new trial and overrules the same. Allocution granted. Def. offering no legal reason sentence ought not to be pronounced, the Court sentences the defendant to a term of two years in the Missouri Department of Corrections . . . ."

In Missouri, criminal appeals are authorized only after rendition of final judgment. Rule 28.03, V.A.M.R. The quoted docket entry is the only portion of the transcript on appeal which approaches a final disposition of the case. This court has repeatedly disapproved the practice of employing transcribed docket entries in lieu of a formal judgment. However, the deficiency of the instant entry goes beyond mere form. Appellant was charged with two counts of possession, yet the docket entry is styled in the singular. One is left to speculate whether defendant was sentenced on the unmentioned count in a separate, unreported entry or whether the court contemplated a "sentence" consisting of two concurrent confinements.

In view of the aforementioned deficiencies, the appeal must be held in abeyance and the cause remanded to the trial court for rendition and entry of a final judgment. Thereafter, the appeal shall be reinstated upon receipt of a supplemental transcript containing a final judgment. *State v. Pogue,* 552 S.W.2d 75, 76 (Mo.App.1977).

It is so ordered.

All concur.