Timothy BOWERS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72159.

Missouri Court of Appeals,
Western District.

Jan. 25, 2011.

William J. Fleischaker, Joplin, MO, for
Appellant.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division I: MARK D. PFEIFFER, Presiding Judge, and THOMAS H. NEWTON and ALOK AHUJA, Judges.

MARK D. PFEIFFER, Presiding Judge.

Timothy Bowers ("Bowers") appeals from the judgment of the Circuit Court of Daviess County ("motion court") denying his Rule 24.035 motion. On appeal, Bowers argues that the motion court erred in concluding that the circuit court that granted probation to Bowers in 2004 retained jurisdiction in 2008 to revoke his probation and to order the execution of his previously imposed sentence of seven years. We disagree and affirm.

## Background Facts and Procedural History

On February 20, 2002, after having pled guilty to felony possession of a controlled substance (cocaine) in violation of section 195.202,[1] Bowers received a suspended *imposition* of sentence and five years of probation. Bowers's probation was revoked on May 10, 2004, at a hearing where Bowers acknowledged that he had violated the terms of his probation. At that time, Bowers was sentenced to a term of seven years; but *execution* of that sentence was suspended, and Bowers was placed on a second term of probation for five years. Each action of the circuit court was detailed in docket entries initialed by the circuit judge.

On March 7, 2007, the State filed an application to revoke Bowers's second term of probation. On June 20, 2008, Bowers admitted the allegations made in the State's application to revoke his probation. His probation was revoked, and the seven-year sentence was ordered executed in a judgment dated June 20, 2008. Bowers subsequently filed a Rule 24.035 motion arguing that the 2008 sentencing court did not possess jurisdiction to revoke his probation because Bowers claims his probation had already expired.[2]

On appeal, Bowers does *not* contest his original guilty plea in 2002 in any fashion. Bowers does not contest that his plea was voluntary or that facts existed to support his plea of guilty. On appeal, Bowers does *not* contest the fact that he violated the terms of both of his court-ordered probations. On this appeal, Bowers is *not* appealing from the May 10, 2004 docket entry and attacking it on the grounds that the docket entry does not constitute a "judgment" from which appeal may be taken. Instead, in Bowers's Rule 24.035 motion and this corresponding appeal, Bowers argues that since the docket entry of May 10, 2004, was a "docket entry" and not a "judgment," the conviction, sentence, and second term of probation ordered in that "docket entry" is a nullity, thereby depriving the 2008 sentencing court of jurisdiction to enter the "judgment" and the corresponding execution of sentence.

The motion court denied the relief requested by Bowers, and this timely appeal follows.

## Standard of Review

Our review of the motion court's denial of a Rule 24.035 motion is limited to

---

1. All statutory citations are to RSMo 2000.

2. Although probation revocation is generally not an appealable decision, a challenge to a court's jurisdiction to revoke an individual's probation can be brought in a Rule 24.035 motion. *Norfolk v. State,* 200 S.W.3d 36, 38 (Mo.App. W.D.2006); *Stelljes v. State,* 72 S.W.3d 196, 199 (Mo.App. W.D.2002).

a determination of whether or not the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Hubbard v. State,* 31 S.W.3d 25, 33 (Mo.App. W.D.2000). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that the motion court made a mistake. *Hubbard,* 31 S.W.3d at 33. " 'Regardless of the motion court's findings and conclusions in denying the appellant's motion, we must affirm the court's decision if sustainable upon other grounds.' " *Schafer v. State,* 256 S.W.3d 140, 142 (Mo.App. W.D. 2008) (quoting *Bode v. State,* 203 S.W.3d 262, 267 (Mo.App. W.D.2006)).

## Analysis

In his single point on appeal, Bowers argues that because the first probation revocation and corresponding docket entry in 2004 did not result in a valid "judgment" pursuant to Rule 29.07(c), no conviction, sentence, or second term of probation was technically imposed, and instead, the circuit court's docket entry of May 10, 2004, was a nullity. Consequently, Bowers argues that the circuit court did not possess jurisdiction over him at the time of the second probation revocation in 2008 because his first term of probation had expired. Bowers misunderstands: (1) the statutory authority of a circuit court to order probation; (2) the common method upon which the statutory authority to rule upon probation issues are so ruled; (3) the difference between a valid judgment of conviction versus an appealable judgment; and (4) the authority that a circuit court retains during a valid term of probation.

## Statutory Authority to Order Probation

Section 559.012 authorizes a court to place persons who meet the eligibility criteria outlined in section 559.012 on proba-

tion upon "conviction" of any offense *or* upon "suspending imposition of sentence." For felonies, the term of probation shall be no less than one year and no more than five years and the court must designate the term of probation at the time of "sentencing" (i.e. conviction) or at the time of suspension of imposition of sentencing. § 559.016.

Because Bowers's procedural history involves both suspended *imposition* of sentence and a suspended *execution* of sentence, it is fundamental to our analysis today to understand the difference between the two. In *State v. Bachman,* 675 S.W.2d 41, 44–46 (Mo.App. W.D.1984), we said:

At this point, it might be asked, is there any difference in a *suspended imposition of sentence* as compared with a *suspended execution of sentence?* The answer is yes. The difference is significant, particularly when jurisdiction of the courts must be considered as in the instant case. In a case involving the *suspension of the imposition of sentence,* there is an active criminal proceeding which is suspended. Such procedure has been declared a "hybrid in the law" and declared that such a proceeding "is not a final judgment", and "[b]ecause there is no final judgment, there can be no appeal from such an order," *State ex rel. Peach v. Tillman,* 615 S.W.2d 514, 517 (Mo.App.1981).

. . . .

In those cases involving the *suspension of execution of sentence,* it has been said, "*The court may pronounce sentence and suspend its execution placing the person on probation.* This disposition differs from the suspended imposition of sentence in that under this alternative (i.e., suspension of *execution* of sentence) the defendant has a record of a conviction." *The Manual for Court*

*Related Personnel, The New Missouri Criminal Code,* § 2.2, General Sentencing Provisions.

In Bowers's case, he pled guilty to felony possession of a controlled substance in 2002, and the circuit court suspended *imposition* of his sentence. Pursuant to section 559.012, the circuit court was authorized to place Bowers on probation and did so. In 2004, Bowers violated the terms of his probation, his probation was revoked, and he was sentenced to a term of seven years. However, the circuit court suspended *execution* of his sentence. Bowers's suspended *execution* of sentence did, nonetheless, constitute a conviction of felony possession of a controlled substance. *Bachman,* 675 S.W.2d at 46. Pursuant to section 559.012, "upon conviction of any offense," the circuit court was authorized to place Bowers on probation and did so.

Though it is undisputed that a court may place a person on probation upon suspending *imposition* of sentence *or* upon suspending *execution* of sentence, may a court do *both?* The answer is yes. Specifically, section 559.036.3 provides that:

> If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. *If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under section 557.011, RSMo. The court may, upon revocation of probation, place an offender on a second term of probation. Such probation shall be for a term of probation as provided by section 559.016, notwithstanding any amount of time served by the offender on the first term of probation.*

(Emphasis added.)

Pursuant to section 559.036.3, when Bowers violated his probation terms from his suspended imposition of sentence, the circuit court was authorized to revoke his probation, impose a sentence, suspend execution of the sentence, and place Bowers on a second term of probation. This is precisely what the circuit court did.

## How Circuit Courts Act to Rule Probation Issues

On February 20, 2002, via docket entry initialed by the circuit judge, the circuit court suspended imposition of sentence and placed Bowers on probation for a term of five years. On May 10, 2004, via docket entry initialed by the circuit judge, the circuit court revoked Bowers's first probation, imposed a sentence of seven years, suspended execution of Bowers's sentence, and placed Bowers on a second term of probation for five years. Such docket entries are a common method of ruling on probation issues.[3] *See Norfolk v. State,* 200 S.W.3d 36, 39 (Mo.App. W.D.2006).

Bowers complains that the May 10, 2004 docket entry cannot constitute a "judgment." Bowers's argument, quite simply,

---

**3.** Though the circuit court implemented a common method for ruling on probation issues, the 2004 docket entry also included a suspended execution of sentence (i.e. judgment of conviction); the better method of recording this action of the circuit court would have been to sign a formalized document and denominate it as a "judgment." For the reasons discussed *infra,* such formality was not required to maintain the validity of the 2004 judgment of conviction, but it would eliminate the sort of confusion that became the subject of this appeal.

is misplaced. As we discuss in the following section of this opinion in greater detail, while Bowers is correct that the docket entry of May 10, 2004, is not in the form necessary to constitute a "final" judgment from which appeal may be taken, the "form" does not impair or affect the "substance" or validity of the action taken by the circuit court on May 10, 2004. And, notably, the present appeal is *not* being taken from the sentence and judgment of May 10, 2004. Thus, it is irrelevant whether or not that docket entry is in the form necessary to appeal from. Instead, the only relevant inquiry is whether the docket entry was valid. For reasons discussed in the following section, we conclude that it was.

The circuit court was both authorized to grant probation to Bowers on the separate occasions that it did and to do so in the manner in which it did.

### Judgments of Conviction Versus Appealable Judgments

█ As the motion court aptly pointed out, the docket entry of May 10, 2004, followed the requirements imposed for a judgment of conviction: "[Bowers] admitted the violation, probation was revoked, allocution was granted, sentence was imposed, execution of same was suspended and [Bowers] was placed on supervised probation."

█ The May 10, 2004 docket entry was not, however, a "final judgment" for purposes of appeal. The docket entry was neither denominated a "judgment" nor signed by the circuit judge, as required by

Rule 74.01(a). Thus, were this an appeal of Bowers's 2004 judgment of conviction,[4] we would remand the case back to the sentencing court for compliance with the procedural requirements for an appealable judgment of conviction. *See State v. Skaggs*, 248 S.W.2d 635, 638 (Mo.1952); *State v. Vinson*, 337 Mo. 1023, 87 S.W.2d 637, 640 (1935); *State v. Miner*, 606 S.W.2d 448, 449 (Mo.App. S.D.1980); *State v. Lance*, 561 S.W.2d 446, 447 (Mo.App. S.D.1978). We would not, however, invalidate the judgment of conviction. *See Skaggs*, 248 S.W.2d at 638 (finding that the failure to properly enter judgment in the form contemplated by the rules "does not impair the validity of the judgment"); *see also Vinson*, 87 S.W.2d at 640; *Lance*, 561 S.W.2d at 447. This, of course, is consistent with our obligation under section 546.590, which states:

> Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; *but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment.*

(Emphasis added.)

Thus, while the judgment of conviction from May 10, 2004, may not have been in the form as required by the rules for an appeal therefrom, its form did not "affect or impair the validity of the judgment." Likewise, the form of the judgment of conviction did not affect or impair the au-

---

4. Although there is no right to appeal from a trial court's decision to grant or deny probation, a judgment of conviction complying with the form of judgment set forth in Rule 74.01(a) is an appealable matter. As stated previously herein, a plea of guilty that results in a suspended execution of sentence consti-

tutes a conviction and, when properly denominated as a judgment, is appealable. *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 66 (Mo. banc 2008) ("Where, as here, a sentence is imposed but then its execution is suspended, the judgment is final and the defendant has a right of immediate appeal.").

thority of the circuit court to order a second term of probation on May 10, 2004.

## Authority of Circuit Court During Pendency of Probation Term

■ After a circuit court has properly ordered probation under the statutory authority of Chapter 559, the circuit court retains authority (and corresponding jurisdiction) to act upon the terms of probation until the earlier of the end of the prescribed period of probation or such date upon which the probation is terminated by court order and the defendant is discharged. *See Bachman*, 675 S.W.2d at 47–48 (" '[I]t is manifest that the court granting probation retains continuing jurisdiction over the probationer throughout the entire period of his probation.' ") (quoting *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194, 196 (Mo.App. E.D.1979)).

Applied to the instant case, when the circuit court suspended imposition of sentence and ordered Bowers to serve a term of five years of probation on February 20, 2002, the circuit court was authorized by law to act upon the terms of Bowers's probation for that entire term of probation or termination of probation, whichever occurred earlier. Thereafter, on May 10, 2004, the circuit court revoked the first term of probation, imposed sentence, suspended execution of sentence, and ordered a second term of probation for five years.[5] Accordingly, the circuit court was authorized by law to act upon Bowers's second term of probation for the entire second term of probation or upon termination of the second term of probation, whichever occurred earlier. Thus, the circuit court possessed both "jurisdiction" and "authori-

ty" on June 20, 2008, to revoke the second probation and order Bowers's sentence to be executed in the circuit court's judgment of same date.

## Conclusion

On February 20, 2002, the circuit court was authorized by law to suspend imposition of Bowers's sentence for felony possession of a controlled substance and place him on a term of probation for five years. On May 10, 2004, the circuit court was authorized by law to revoke Bowers's first term of probation, impose a sentence, suspend execution of that sentence, and place Bowers on a second term of probation for five years. On June 20, 2008, the circuit court was authorized by law to revoke Bowers's second term of probation and to order that Bowers's previously imposed sentence be executed in its judgment dated June 20, 2008. Bowers's point on appeal is denied, and the judgment of the motion court denying Bowers's Rule 24.035 motion is affirmed.

THOMAS H. NEWTON and ALOK AHUJA, Judges, concur.

---

5. For the reasons discussed in our ruling today, the circuit court possessed both "jurisdiction" and "authority" to act as it did. The real complaint from Bowers seems to be that he did not receive the "documentation" required by Rule 74.01(a) on May 10, 2004. But, as we discuss *supra*, the documentation complaint only affects a right of appeal as to the May 10, 2004, action of the circuit court. It does *not* impair or affect the circuit court's "jurisdiction" and "authority" over Bowers and his two authorized terms of probation.