**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jimmie Dean HAGAR,
Defendant-Appellant.**

**No. 10698.**

Missouri Court of Appeals,
Springfield District.

Jan. 18, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. D. Baker, Belisle & Baker, Osceola, for defendant-appellant.

STONE, Judge.

Having waived trial by jury, defendant was tried by the court, convicted of assault with intent to kill, and subsequently sentenced to a two-year term of confinement. Execution of the sentence was suspended, and defendant was placed on probation for a like period of two years.

Attorneys for the respective parties to the appeal have approved the transcript and affixed their signatures thereto. Rule 81.-12(c), V.A.M.R., authorizes approval of the transcript on appeal by the attorneys for the parties only if "the transcript correctly includes all of the record, proceedings and evidence." Careful examination of the transcript in this case reveals that it is signally deficient in that it does not establish that a proper judgment has ever been entered by the circuit clerk pursuant to the mandate of Rule 27.11, V.A.M.R., that "[w]henever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence." The instant transcript contains an aggregation of docket entries which have been collectively cognominated the "Judgment and Sentence," but nowhere in this collage of entries is it shown or demonstrated that the judgment was entered upon the records of the circuit clerk.

Since it is essential for the purpose of appellate review that upon conviction the

clerk's entry of judgment and sentence be preserved and included in the transcript on appeal, we must hold the appeal in abeyance, remand the cause to the trial court for entry of the required judgment, and thereafter reinstate the appeal upon receipt of a supplemental transcript containing a proper judgment. *State v. Woods*, 560 S.W.2d 906 (Mo.App.1978); *State v. Shipman*, 560 S.W.2d 603 (Mo.App.1978); *State v. Asberry*, 553 S.W.2d 902, 903(2) (Mo.App.1977); *State v. Pogue*, 552 S.W.2d 75, 76 (Mo.App. 1977). *See also State v. Skaggs*, 248 S.W.2d 635, 638(9–14) (Mo.1952); *State v. Vinson*, 337 Mo. 1023, 1027–28, 87 S.W.2d 637, 640(8) (1935).

It is so ordered.

BILLINGS, C. J., and HOGAN, TITUS and FLANIGAN, JJ., concur.