**STATE of Missouri, Respondent,**

v.

**Ricky Lynn MINER, Appellant.**

**No. 11748.**

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 1, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Lawrence N. Koeln, Centerville, for appellant.

GREENE, Judge.

Defendant Ricky Lynn Miner was charged by felony information with first degree burglary. A jury convicted him of the lesser included offense of second degree burglary, and recommended 2½ years imprisonment as punishment. The trial court granted a new trial because of instructional error. Defendant was then retried under the first degree burglary information. The jury again returned a verdict of guilty of second degree burglary, and recommended as punishment confinement in the county jail for one year. This appeal followed.

The record on appeal in this case is fatally deficient, as it does not contain a judgment. A copy of the judgment must be included in the record on appeal, as the entry of judgment triggers the appellate process. *State v. Hagar*, 561 S.W.2d 444–445 (Mo.App.1978); *State v. Wilke*, 560 S.W.2d 601, 602 (Mo.App.1978). In the record, appellant has designated as a judgment a handwritten entry in the trial court's minutes dated 3/21/80, which merely recites that the defendant was granted allocution, and that it was the judgment and sentence of the court that defendant be confined in the Crawford County jail for a period of

one year in accordance with the verdict of the jury finding defendant guilty of burglary in the second degree. Such a docket entry cannot be transmogrified into a judgment merely because the defendant calls it one. *State v. Pogue*, 552 S.W.2d 75, 76 (Mo.App.1977). The docket entry fails to constitute rendition of a final judgment from which an appeal may be taken.

The appeal is dismissed as premature, and the cause remanded to the trial court for rendition and entry of a final judgment, *State v. Preston*, 563 S.W.2d 98, 99 (Mo. App.1978), after which defendant may, if he chooses, file a new notice of appeal. *State v. Myers*, 467 S.W.2d 577 (Mo.App.1971).

All concur.