STATE of Missouri,
Plaintiff–Respondent,

v.

Ivan DIZDAR, Defendant–Appellant.

No. 54565.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 14, 1989.

---

Devereaux, Stokes, Kennedy & Nolan, Daniel R. Devereaux, St. Louis, for defendant-appellant.

George Westfall, Pros. Atty., Lia M. Nower, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Ivan Dizdar, attempts an appeal after convictions on four misdemeanors: driving while intoxicated, § 577.010 RSMo 1986; failure to drive within a single lane, § 300.200 RSMo 1986, attempted property damage second degree, § 564.011 RSMo 1986, and, resisting arrest, § 575.150 RSMo 1986. The charges were court tried on November 18, 1987. Defendant's sole claim of error is the court prohibited medical and hospital records which may have

proven the police officer, whose testimony supported the charges, unduly and without justification abused defendant during the arrest process. Defendant contends this would attack the credibility of all the officer's testimony because he denied such assaultive behavior.

We have a sua sponte duty to determine jurisdiction before we consider the merits of the appeal. Defendant's appeal is untimely. This court is without jurisdiction. Accordingly, we dismiss.

Jurisdictional facts furnished to this court in the legal file are not in dispute. The trial court entered judgment of conviction on November 18, 1987. It imposed a fine on each count. On November 19, 1987, defendant's motion for new trial was filed and overruled. Defendant filed a notice of appeal on March 4, 1988. "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 30.01(d). *State v. Hayes*, 394 S.W.2d 346, 346 (Mo.1965). The last possible date for filing a timely notice of appeal was November 30, 1987, ten days after November 19, plus a weekend day of November 29, 1987.

In addition to the procedural events previously noted the legal file reflects some activities which may bear on the question of jurisdiction. On December 11, 1987, the court forwarded a record of conviction to the Missouri State Highway Patrol. On January 21, 1988, costs were taxed. On February 5, 1988, the court entered an order that purports to set aside the record of conviction mailed on December 11, 1987, and mentions "defendant's motion for rehearing which was filed of record on Nov. 30, 1987." On February 19, 1988, the court overruled the "Motion for Rehearing." Neither the "Motion for Rehearing," filed on November 30, 1987, or the order overruling such motion appear in the legal file. We do not consider and do not decide what legal effect this filing or order may have where defendant's motion for new trial was filed and overruled on November 19, 1987. In the present case it makes no difference because the notice of appeal was filed on March 4, 1988, thirteen days after the court entered an order overruling defendant's motion for rehearing.

Defendant's appeal is dismissed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.