STATE of Missouri, Plaintiff/Respondent,

v.

Keith BAIN, Defendant/Appellant.

No. 73180.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 24, 1998.

Rick L. Nelson, St. Louis, for appellant.

John Munson Morris, III, Cheryl Caponegro Nield, Asst. Atty. Gen., Jefferson City, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

Defendant Keith Bain appeals from the judgment entered on jury verdicts finding him guilty on one count of second degree burglary, in violation of Section 569.170 RSMo (1994), one count of possession of a controlled substance, in violation of Section 195.202 RSMo (1994), and one count of possession of drug paraphernalia, in violation of Section 195.233 RSMo (1994). The trial court found defendant to be a prior and persistent offender and sentenced him to consecutive terms of twenty years imprisonment for burglary and five years imprisonment for possession of a controlled substance. The trial court also sentenced defendant to one year imprisonment for possession of drug paraphernalia, to be served concurrently with his sentences for burglary and possession of a controlled substance.

 We must determine our jurisdiction before we may consider the merits of defendant's appeal. *State v. Dizdar,* 764 S.W.2d 740, 741 (Mo.App.1989). There is no right to appeal without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Section 547.070 RSMo (1994) allows appeals in criminal cases and provides as follows:

In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant, provided, defendant or his attorney of record shall during the term at which the judgment is rendered file his written application for such appeal.

 A judgment becomes "final" in a criminal case when a sentence is entered. *Williams,* 871 S.W.2d at 452. Appeals must be filed "not later than ten days after the judgment or order appealed from becomes final." Rule 30.01(d). In this case the trial court denied defendant's motion for new trial and entered judgment and sentence on the jury verdicts on August 29, 1997. Defendant's notice of appeal was file stamped on September 15, 1997.[1] Defendant's notice of appeal filed seventeen days after judgment was untimely. Nothing in the record suggests defendant was granted leave to file his notice of appeal out of time under Rule 30.03. Therefore, this court has no jurisdiction to consider defendant's appeal.

Appeal dismissed.

---

1. Defendant's notice of appeal was dated September 16, 1997.