**STATE of Missouri, Plaintiff–Respondent,**

v.

**Larry WEBER, Defendant–Appellant.**

No. 22404.

Missouri Court of Appeals,
Southern District,
Division One.

April 7, 1999.

Thomas L. Budesheim, Asst. Public Defender, Kansas City, for appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

Larry Weber (defendant) attempts to appeal the assessment of certain items as costs in a case in which he was charged with driving while intoxicated. § 577.010, RSMo 1994. For the reasons that follow, the appeal is dismissed.

■ Rule 29.07(c) requires that a judgment of conviction be entered "set[ting] forth

the plea, the verdict or findings, and the adjudication and sentence." Absent a final judgment, no appeal can be taken. *State v. O'Connell,* 726 S.W.2d 742, 749 (Mo. banc 1987); *State v. Shipman,* 560 S.W.2d 603, 604 (Mo.App.1978).

■ The legal file component of the record on appeal that was filed in this case includes no judgment as required by Rule 30.04(a). It includes copies of the trial court's docket entries. Our review of those entries discloses that although the trial court had defendant before it and rendered the judgment and sentence that was to be imposed, no judgment of conviction was thereafter filed. For that reason, the appeal must be dismissed. *O'Connell, supra.*

Two aspects of the case warrant comment. Appellants in criminal cases would be well advised to scrutinize Rule 30.04(a) to assure legal files contain what is required. Rule 30.04(a) prescribes certain items that "[t]he legal file shall always include." A close review of that rule would have alerted this defendant of the problem that requires this appeal to be dismissed. A search for a judgment would have undoubtedly revealed that none had been entered and permitted the problem to be addressed before the appeal reached this court. It would also have revealed that at least one other required document for legal files was not included, the verdict.

The second aspect of this case that warrants comment is the state's failure to file a brief in this court. This is a misdemeanor case. The prosecuting attorney was required to "represent the state in the case ... and make out and cause to be printed, at the expense of the county, all necessary abstracts of record and briefs, and if necessary appear in the court in person, or ... employ some attorney at his own expense to represent the state." § 56.060, RSMo 1994. The prosecuting attorney has not been heard from in this appeal.

As this court observed in *State v. Musil,* 935 S.W.2d 379 (Mo.App.1996):

The problem this presents was explained in *State v. Bowlin,* 850 S.W.2d 116 (Mo. App.1993):

Our review of this case is not aided by the State's failure to file a brief. No penalty is prescribed for failure to file a brief on an appeal of a misdemeanor conviction. *State v. Harrington,* 679 S.W.2d 906, 907 (Mo.App.1984); *State v. Michaels,* 543 S.W.2d 245, 247 (Mo.App. 1976). However, this leaves us with nothing presented other than the ... arguments of defendant. It is not the function of the appellate court to serve as advocate for any party to an appeal. When one party fails to file a brief, the court is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) without the benefit of that party's authorities and points of view. Appellate courts should not be asked or expected to assume such a role. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

*Id.* at 116–17. As uttered in *State v. Harrington,* 679 S.W.2d at 907, "[W]e cannot understand why a prosecutor would neglect his statutory duty to see that the state was adequately represented through the entire criminal proceeding."

*Id.* at 380–81.

The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur