**STATE of Missouri, Respondent,**

v.

**Charles JANSEN, Appellant.**

No. 22961.

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 2000.

Thomas M. Benson, Springfield, for appellant.

W. James Icenogle, Pros. Atty., Camdenton, for respondent.

Before CROW, J., GARRISON, C.J., and BARNEY, J.

PER CURIAM.

Charles J. Jansen ("Appellant") attempts to appeal a fine arising from a case in which he was charged with violating the provisions of section 306.903.4, RSMo Cum.Supp.1997, by failing to display a dock permit.[1] For the reasons that follow, the appeal is dismissed.

We initially observe that a violation of section 306.903.4, RSMo Cum.Supp.1997 constitutes an infraction. Missouri's Criminal Code classifies offenses as felonies, misdemeanors, or infractions. *See* §§ 556.061 & 556.021.[2] The Criminal Code defines an infraction as follows:

1. An offense defined by this code or by any other statute of this state constitutes an "infraction" if it is so designated or if no other sentence than a fine, or fine and forfeiture or other civil penalty is authorized upon conviction.

2. *An infraction does not constitute a crime* and conviction of an infraction shall not give rise to any disability or legal disadvantage based on conviction of a crime.

§ 556.021 (emphasis added); *see* 556.061(14); *St. Louis County v. Corse,*

---

1. Section 306.903.4 reads as follows:

Beginning January 1, 1996, any person owning a boat dock on lakes having at least nine hundred fifty miles of shoreline shall display identifying information on the dock, including but not limited to, a permit number issued to the owner by an entity having authority to issue such identification or permit number. Any person owning a boat dock on lakes having at least nine hundred fifty miles of aggregate shoreline who violates this subsection may be guilty of an infraction, the penalty for which shall not exceed twenty-five dollars.

2. All statutory references are to RSMo 1994, except as otherwise noted.

913 S.W.2d 79, 80 (Mo.App.1995) ("An offense is an infraction if a statute so designates, or 'if no other sentence than a fine, or fine and forfeiture or other civil penalty is authorized upon conviction' ").

■ We also observe that the "procedure for the prosecution of infractions shall be the same as the procedure for the prosecution of misdemeanors." Rule 19.08;[3] *see also* § 543.220; *State v. Hampton*, 653 S.W.2d 191, 195 (Mo. banc 1983). Additionally, we note that "[a]n appeal lies only from a final judgment and in a criminal case, final judgment occurs only upon the entry of sentence." *Glass v. State*, 957 S.W.2d 483, 486 (Mo.App.1997); *see* § 547.070; *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994); *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 694 (Mo. banc 1979).

"Rule 29.07(c) requires that a judgment of conviction be entered 'set[ting] forth the plea, the verdict or findings, and the adjudication and sentence.' " *State v. Weber*, 989 S.W.2d 256, 256–57 (Mo.App.1999). Absent a final judgment, no appeal can be taken. *See id.* (citing *State v. O'Connell*, 726 S.W.2d 742, 749 (Mo. banc 1987)).

■ The legal file component of the record on appeal that was filed in this case includes no judgment as required by Rule 30.04(a); *see Weber*, 989 S.W.2d at 257. While the trial court's docket sheet purports to show a rendition of a judgment and sentence that was to be imposed, "no judgment of conviction was thereafter filed." *Id.* For that reason the appeal must be dismissed. *See id.*[4]

The appeal is dismissed.

---

3. All rule references are to Missouri Court Rules (1999).

4. We recognize that because section 556.021.2 provides an infraction does not constitute a crime, the requirements for a judgment in a criminal case may arguably not apply here. However, the record contains nothing meeting the requirements of Rule 74.01(a) for a judgment in a civil case, so even were the civil requirements applicable, no judgment has been entered.