**STATE of Missouri, Plaintiff–Respondent,**

v.

**Tony R. NENNINGER, Defendant–Appellant.**

**No. 23382.**

Missouri Court of Appeals,
Southern District,
Division One.

July 20, 2001.

Tony Nenninger, pro se.

Ray Lee Caskey, for respondent.

PARRISH, Judge.

Tony R. Nenninger (defendant) attempts to appeal a fine assessed against him in a case in which he was charged with misdemeanor possession of marijuana, a controlled substance. § 195.202, RSMo 1994. For the reasons that follow, this court must dismiss the appeal.

Although not questioned by a party, an appellate court must determine its jurisdiction before undertaking to ad-

dress the merits of an appeal. *State v. Bain,* 982 S.W.2d 706, 707 (Mo.App.1998). There is no right to appeal absent statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994); *Bain, supra.* Section 547.070, RSMo 1994, permits an appeal in a criminal case in which final judgment has been rendered. "Absent a final judgment, no appeal can be taken." *State v. Weber,* 989 S.W.2d 256, 257 (Mo.App.1999).

 An appellate court looks to the record on appeal to ascertain whether a judgment was rendered. The legal file component of the record on appeal must include a copy of the judgment and sentence. Rule 30.04(a). Rule 29.07(c) requires that a judgment of conviction "set forth the plea, the verdict or findings, and the adjudication and sentence." No such document appears in the legal file in this case.[1] Copies of docket sheets from the trial court's record are included in the legal file. A typewritten docket entry dated "10 13 99" recites a "[d]ocket [e]ntry filed per Judge" that notes the date "10-5-99." The docket entry recites a unanimous vote by a jury "to find the defendant guilty." It states the trial court's ruling on a motion for new trial filed by defendant. It recites the punishment intended to be imposed ("a fine of $300.00 together with costs").

The docket entry recitations do not comply with requirements for a judgment imposed by Rule 29.07(c). The docket entry is similar to the one in *State v. Miner,* 606 S.W.2d 448 (Mo.App.1980), that was insufficient to "be transmogrified into a judgment." *Id.* at 449. The docket entry in *Miner* was not a rendition of a final judgment from which an appeal could be taken.[2]

The record on appeal before this court does not include a final judgment. The appeal is dismissed.

SHRUM and MONTGOMERY, JJ., concur.

---

1. Another deficiency noted in the legal file component of the record on appeal was the absence of a copy of a verdict. *See* Rule 30.04(a).

2. The present language in Rule 29.07(c) was effective at the time *Miner* was decided.