CITY OF NEOSHO, Plaintiff–Respondent,

v.

Richard J. DOYLE, Defendant–Appellant.

No. 23488.

Missouri Court of Appeals, Southern District, Division One.

Aug. 27, 2001.

Appellant pro se.

No appearance for Respondent.

PARRISH, Presiding Judge.

Richard J. Doyle attempts to appeal a conviction for violating a Neosho, Missouri, municipal ordinance. He sought and received a trial de novo following a trial before the Municipal Judge Division of the Circuit Court of Newton County. For the reasons that follow, the appeal must be dismissed.

Although this court's jurisdiction has not been questioned, an appellate court is required to determine its jurisdiction before undertaking to address the merits of an appeal.[1] *State v. Bain,* 982 S.W.2d 706, 707 (Mo.App.1998). In order for an appeal to be taken in either a criminal case or a civil case, a final judgment is required.[2] *State v. Weber,* 989

---

1. No brief has been filed in this court on behalf of the City of Neosho.

2. "[T]he violation of a municipal ordinance is a proceeding that is civil, rather than crimi-

S.W.2d 256, 257 (Mo.App.1999); *Stipp v. Meadows,* 962 S.W.2d 464 (Mo.App.1998). No judgment appears in the legal file appellant filed as part of the record on appeal in this court.[3]

 Appellant's legal file includes copies of docket sheets from the trial court's records. Handwritten docket entries dated "1 19 00" and "2 14 00" recite trial events, denial of a motion for new trial and the punishment intended to be imposed on appellant ("a fine of $350.00 plus all court costs"). The language is not sufficient to satisfy requirements for a judgment imposed by Rule 37.64(d). It is not sufficient for transmogrification into a judgment. *See State v. Miner,* 606 S.W.2d 448, 449 (Mo.App.1980). The appeal is dismissed.

SHRUM and MONTGOMERY, JJ., concur.

---

nal, in nature." *Frech v. City of Columbia,* 693 S.W.2d 813, 814 (Mo. banc 1985). However, a trial de novo in a municipal ordinance case proceeds in the manner provided for the trial of a misdemeanor case as prescribed by the rules of criminal procedure. Rule 37.74. The requirements for a judgment in a municipal ordinance case are prescribed by Rule 37.64(d). Those requirements are the same as requirements for a judgment in a criminal case. *Compare* Rule 29.07(c).

**3.** The legal file in both civil and criminal appeals must always include a copy of the judgment appealed from. Rule 30.04(a) and Rule 81.14(b). Appellant's legal file does not include a copy of a judgment.