STATE of Missouri, Respondent,

v.

Kimberly Lynn PAUL, Appellant.

No. WD 75775.

Missouri Court of Appeals,
Western District.

June 25, 2013.

Bill Burris, Prosecuting Attorney, Plattsburg, MO, for respondent.

Jeannette L. Igbenebor, Appellate Defender, Kansas City, MO, for appellant.

Before Division Two: ALOK AHUJA, Presiding Judge, and KAREN KING MITCHELL and ANTHONY REX GABBERT, Judges.

KAREN KING MITCHELL, Judge.

Kimberly L. Paul appeals her conviction, following a bench trial, of misdemeanor possession of a controlled substance, under section 195.202, for which Paul was sentenced to forty-eight hours in the Clinton County Jail. Paul challenges the sufficiency of the evidence to support her conviction, arguing that the State failed to prove that she had knowledge of the nature of the controlled substance. Because the record on appeal reflects that the trial

court failed to enter a final judgment, we must dismiss the appeal.

## Background

Paul was charged, under section 195.202,[1] with the class A misdemeanor of possession of a controlled substance. The State alleged that, "on or about November 22, 2011, in the County of Clinton, State of Missouri, the defendant possessed a synthetic cannabinoid (synthetic marijuana), ... knowing of its presence and nature." A bench trial was conducted on September 7, 2012. At the end of the trial, the court denied Paul's motion for judgment of acquittal and took the case under advisement.

On September 14, 2012, the trial court mailed a letter to counsel stating, among other things, that "the [c]ourt finds [Paul] guilty of the offense charged against her." The trial court's letter directed the parties to appear on October 10, 2012, for a hearing on Paul's "motion for new trial, if any, and/or sentencing." The court also created a docket entry summarizing the letter's contents. Paul did not file a motion for new trial. On October 10, 2012, the court sentenced Paul to forty-eight hours in the Clinton County Jail, but stayed execution of the sentence pending appeal. The only documentation of the sentence imposed is a docket entry. There is no written judgment in the record on appeal.

## Analysis

Before addressing the merits of an appeal, we must first determine whether we have jurisdiction. *State v. Nenninger,* 50 S.W.3d 368, 368 (Mo.App. S.D.2001). The right to appeal is purely statutory, and, in criminal cases, appeals are allowed only

after a final judgment is rendered. § 547.070; *see also State v. Weber,* 989 S.W.2d 256, 257 (Mo.App. S.D.1999) ("Absent a final judgment, no appeal can be taken."). A criminal case is not final until a sentence is imposed. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984), *overruled on other grounds by Yale v. City of Independence,* 846 S.W.2d 193, 196 (Mo. banc 1993); *see also State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 694 (Mo. banc 1979) (The "term 'sentence' has been defined to mean 'judgment or final judgment'...."). And no sentence can be imposed upon conviction following trial "until the time for filing a motion for new trial has expired." Rule 29.11(c). Upon imposition of a sentence, trial courts must also comply with the requirement of Rule 29.07(c) that "[a] judgment of conviction *shall* set forth the plea, the verdict or findings, and the adjudication and sentence." (Emphasis added.)[2]

"An appellate court looks to the record on appeal to ascertain whether a judgment was rendered." *Nenninger,* 50 S.W.3d at 369. "The legal file component of the record on appeal must include a copy of the judgment and sentence." *Id.* (citing Rule 30.04(a)).

Here, the legal file contains the court's letter of September 14, 2012, and the docket sheet with the October 10, 2012 entry noting imposition of a forty-eight-hour sentence in the Clinton County Jail. The letter is not a final judgment because, when it was issued, the time for filing a motion for new trial had not yet expired, *see* Rule 29.11(c), and the court had not yet imposed a sentence. The October 10, 2012 docket entry is also not a final judgment because its "recitation[ ] do[es] not comply with the

---

**1.** All statutory references are to RSMo 2000, as updated through Cum.Supp.2011, unless otherwise noted.

**2.** All rule references are to Missouri Supreme Court Rules (2012), unless otherwise noted.

requirements for a judgment imposed by Rule 29.07(c)." *Nenninger*, 50 S.W.3d at 369; *see also State v. Miner*, 606 S.W.2d 448, 448–49 (Mo.App. S.D.1980) (finding that a handwritten notation of the "judgment and sentence" in a docket entry was insufficient to meet the requirement of Rule 30.04(a) that a copy of the judgment be included in the record on appeal). Therefore, based on the record before us, it appears that the trial court failed to enter a final judgment complying with the requirements of Rule 29.07(c).[3] And absent a final judgment, we have no jurisdiction to entertain Paul's appeal. *State v. Hotze*, 250 S.W.3d 745, 746 (Mo.App. E.D. 2008) ("Where there is no final, appealable judgment, we have no jurisdiction to consider the appeal.").

## Conclusion

As there is no final judgment, the appeal is dismissed.

ALOK AHUJA, P.J., and ANTHONY REX GABBERT, J., concur.

---

**3.** Even if the trial court had entered such a judgment, the record on appeal is fatally deficient, as no copy of a final judgment was included within it.