

# In the Missouri Court of Appeals
## Western District

STATE OF MISSOURI,                  )
                      Respondent,  )
v.                                  )          **WD76769**
                                      )          FILED:  June 17, 2014
KIMBERLY PAUL,                      )
                         Appellant.  )

## APPEAL FROM THE CIRCUIT COURT OF CLINTON COUNTY
### THE HONORABLE PAUL T. LUCKENBILL, JR., JUDGE

### BEFORE DIVISION FOUR: JAMES E. WELSH, CHIEF JUDGE PRESIDING,
### VICTOR C. HOWARD AND LISA WHITE HARDWICK, JUDGES

Following a bench trial, Kimberly Paul was convicted of possessing the controlled substance of synthetic marijuana, a misdemeanor violation of Section 195.202.[1]  The circuit court sentenced her to forty-eight hours in the Clinton County Jail.  On appeal, Paul contends the State failed to prove that she had knowledge of the nature of the controlled substance.  For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the Cumulative Supplement 2013, unless otherwise indicated.

On November 22, 2011, Chief Glen Garton and Officer Dennis Banks of the Lathrop police department, went to Paul's residence in connection with an unrelated matter. Chief Garton knocked on the door of Paul's residence and identified himself. Paul opened the door and invited the officers in. While inside, Chief Garton observed what appeared to be the burnt end of a marijuana cigarette in an ashtray on Paul's kitchen table. Chief Garton seized the cigarette, which was later determined by laboratory analysis to contain .03 grams of synthetic cannabinoid.

The State subsequently charged Paul with the class A misdemeanor of possession of a controlled substance in violation of Section 195.202, alleging that "on or about November 22, 2011 . . . the defendant possessed a synthetic cannabinoid (synthetic marijuana), . . . knowing of its presence and nature." Following a bench trial, the circuit court denied Paul's motion for judgment of acquittal and took the case under advisement. On August 6, 2013, the court entered its final judgment and sentence, finding Paul guilty of possession of a controlled substance and sentencing her to forty-eight hours in jail.[2] Paul appeals.

## STANDARD OF REVIEW

Paul's point on appeal challenges the sufficiency of the evidence supporting her conviction. In reviewing the sufficiency of the evidence in a court-tried criminal case, we apply the same standard as in a jury-tried case. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). Our role is limited to determining whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty beyond a reasonable doubt. *State v. Crawford,* 68 S.W.3d 406, 408 (Mo. banc

---

[2] The circuit court's final judgment was entered as a result of this Court's dismissal of Paul's previous appeal for lack of a final judgment. *State v. Paul*, 401 S.W.3d 591 (Mo. App. 2013).

2002). We consider the evidence and inferences in the light most favorable to the verdict, disregarding all contrary evidence and inferences. *Id.* at 407–08.

## ANALYSIS

In her sole point on appeal, Paul contends the circuit court erred in failing to grant her motion for acquittal because the evidence was insufficient to prove beyond a reasonable doubt that she had knowledge of the nature of the controlled substance found in her kitchen.

Section 195.202 provides that it is unlawful for any person to possess or have under his control a controlled substance. In 2011, the statutory definition of "controlled substance" was amended to include "synthetic cannabinoids." § 195.017.2(4)(ll). "To sustain a conviction for possession of a controlled substance, the State must prove the following two elements: (1) conscious and intentional possession of the substance, either actual or constructive; and (2) awareness of the presence and nature of the substance." *State v. Taylor*, 407 S.W.3d 153, 159 (Mo. App. 2013); § 195.010(34).

Here, Paul does not dispute that she had possession of the controlled substance, nor does she dispute that she was aware of such possession. Rather, Paul argues that she "lacked the knowledge of the *nature* of the drug found in her home." The crux of Paul's argument is that she "had no knowledge of the presence of an *illegal* substance in her home." (Emphasis added). She notes that the possession of synthetic marijuana did not become illegal until August 28, 2011, after the passage of H.R. 641, 96th General Assembly, Regular Session (Mo. 2011).

Paul presented testimony at trial that she hosted a "card party" at her home on November 17, 2011. When Paul left her party briefly "for a beer run," her guests called

3

her and asked if they could burn "K2" or "Mr. Happy" — both brand names for synthetic marijuana. One of Paul's guests had purchased the "Mr. Happy" at a gas station. Paul testified that she instructed her guests to wait until she got home because she was not familiar with the product.

When Paul returned home, she inspected the package. Paul testified that the substance's label warned that its contents were "not for human consumption," and that the label stated "probably three times" that its contents were "one hundred percent legal." After reading the "Mr. Happy" package, Paul allowed the cigarette to be burned in the ashtray "like . . . incense." Paul testified that no one actually smoked the substance.

The flaw in Paul's argument is that the State was not required to prove that she knew the subject substance was illegal. The Narcotic Drug Act previously defined "possessing a controlled substance" as occurring when "a person, with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance." § 195.010(33), RSMo 1997. The Act, however, has since been amended to delete the word "illegal" from the definition of possession. § 195.010(34). Thus, while the State is required to prove that the defendant had knowledge of the general character of the substance — "i.e., that the substance was a drug of some sort, and not just baking power" — the State is not required to prove that the defendant knew the substance was illicit. 32 Mo. Practice Series, Criminal Law §40.4, at 392 (2d ed. 2004). Consequently, Paul's arguments that she believed the substance was legal must fail because a defendant's knowledge of the illegal status of a substance is irrelevant in a prosecution for possession of a controlled substance.

4

In addition to her arguments regarding her ignorance of the illegality of the substance, Paul asserts that "she genuinely believed the cigarette contained a form of incense." To the extent Paul is arguing that there was insufficient evidence to prove that she had knowledge of the substance's general character, that argument also fails. While there was testimony at trial supporting Paul's position, when properly viewing the record in the light most favorable to the verdict, the evidence is sufficient to prove beyond a reasonable doubt that Paul had knowledge of the general nature of the substance found in her kitchen. When Chief Garton found the substance in Paul's home, it was in an ashtray and was rolled up in a paper in a manner commonly used to smoke marijuana. Additionally, Paul testified that the "Mr. Happy" package referred to its contents as "hash"— a common slang term for marijuana and the short form of "hashish," which is the resin extract of the cannabis plant. See *State v. Reiley*, 476 S.W.2d 473, 473 (Mo. banc 1972). Finally, the substance's label made multiple statements regarding its legality. Based on this evidence, the circuit court could reasonably infer that Paul was not under the impression that the "Mr. Happy" product was simply incense and that she was aware of the substance's drug-like nature. Accordingly, the court did not err in failing to sustain Paul's motion for judgment of acquittal. The point on appeal is denied.

## CONCLUSION

The judgment of conviction is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

5

ALL CONCUR.