**Dominique Roshaud SIMPSON, Plaintiff-Respondent,**

v.

**Missouri STATE HIGHWAY PATROL CRIMINAL RECORDS REPOSITORY, Defendant-Appellant.**

### No. SD 34639

Missouri Court of Appeals,
Southern District,
Division One.

Filed: June 21, 2017

ROSS D. KEELING, Jefferson City, for Appellant.

DON E. BURRELL, J.

The Missouri State Highway Patrol ("MSHP") appeals the trial court's judgment expunging Dominique Roshaud Simpson's ("Petitioner") arrest records relating to an alleged ordinance violation.[1] *See* section 610.122. In two interrelated points, MSHP challenges the trial court's findings that (1) "[t]he arrest was based on false information" and (2) "[t]here is no probable cause, at the time of the action to expunge, to believe the individual committed the offense." Finding merit in MSHP's points, we reverse the judgment of the trial court.[2]

## Applicable Principles of Review and Governing Law

We will affirm a judgment resulting from a bench trial unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We leave all credibility determinations to the trial court, which is free to believe none, part, or all of the testimony of any witness. *Maserang v. Crawford Cty. Sheriff's Dep't*, 211 S.W.3d 118, 121 (Mo. App. S.D. 2006).

---

1. The petition also named "City of Joplin Prosecuting Attorney's Office Jasper County; Joplin Police Department; Joplin Municipal Court; [and] Jasper County Sheriff's Department" as defendants. *See* section 610.123.2, RSMo Cum. Supp. 2013. None of these additional defendants have filed a brief in this matter. Unless otherwise noted all other statutory references are to RSMo 2000.

2. Petitioner did not file a brief on appeal. There is no penalty for this failure, but it deprives us of the benefit of any argument he might have made.

As relevant here, a trial court may expunge an arrest record

> if the court determines that the arrest was based on false information and the following conditions exist:
>
> (1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;
>
> (2) No charges will be pursued as a result of the arrest;
>
> (3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;
>
> (4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and
>
> (5) No civil action is pending relating to the arrest or the records sought to be expunged.

Section 610.122.

## Background

On October 24, 2013, Petitioner filed his **"PETITION FOR EXPUNGEMENT"** of any records related to his January 7, 2012 arrest for "Possession of marijuana" ("the arrest"). MSHP filed an **"ANSWER AND MOTION TO DISMISS"** that asserted Petitioner was not entitled to relief. At the bench-trial of the petition, Petitioner testified about the arrest, and the arresting officer's police report was admitted into evidence as "State's Exhibit #1[.]" The uncontested evidence of what occurred during the arrest is as follows.

On January 7, 2012, in Joplin, Rob Green ("Green"),[3] an acquaintance of Petitioner, brought marijuana ("the marijuana") into Petitioner's car. Petitioner and Green then smoked the marijuana. Ten-to-fifteen minutes later, an officer of the Joplin Police Department smelled the odor of marijuana, which became stronger as he approached Petitioner's parked car. The officer then discovered and detained Petitioner and Green (who were both sitting inside the car), informed them that he could smell marijuana, and asked where the marijuana was located. Acting on Green's response, the officer discovered and seized a "roach" located in the car's ash tray. Both Petitioner and Green admitted to the officer that they had smoked the marijuana. The officer then placed them under arrest for possession of marijuana.

Green ultimately pleaded guilty to possessing the marijuana. In lieu of the charge of marijuana possession, Petitioner's charge was amended, and he pleaded guilty to disturbing the peace. Petitioner does not have any other misdemeanor or felony convictions.

In its judgment granting the petition for expungement, the trial court made the following factual findings:

> States [sic] exhibit #1 states that [Petitioner] smoked the marijuana. [Petitioner] never admitted in the arrest report that it was his marijuana. Testimony at trial was that Green pled guilty to the possession of marijuana charge. [Petitioner] testified at trial it was Green's marijuana, not his. Green pled guilty to the charge, the police record is absent as to [Petitioner] ever climing [sic] it was his marijuana, and [Petitioner] specifically denied it was his marijuana.

Based on those findings, the trial court concluded that Petitioner satisfied all of the section 610.122 requirements (including, as relevant here, that the arrest was

---

**3.** Mr. Green is referred to as "Brock Green" in Petitioner's petition, as well as in State's Exhibit 1.

based on false information and was without probable cause) and ordered that any and all records relating to the arrest be expunged. This appeal timely followed.

### Analysis

For ease of analysis, we will address collectively MSHP's interrelated points. Point 1 claims the trial court's finding that "[t]he arrest was based on false information" was not supported by substantial evidence. MSHP argues that Petitioner "did not identify any false information material to his arrest." In support, MSHP points to the fact that Petitioner's testimony and State's Exhibit #1, recounting the circumstances of the arrest, were not inconsistent, and Petitioner admitted that State's Exhibit #1 was a " 'fairly accurate description of the arrest.' "

MSHP is correct in claiming that State's Exhibit #1 is consistent with Petitioner's testimony regarding the arrest. Nonetheless, an arresting officer's misunderstanding of the facts is not the sole means by which the "false information" requirement of section 610.122 may be satisfied. False information may also be established in situations where an officer *misunderstands the law*, i.e., "relies on a mistaken belief that a criminal law applies to conduct that is unquestionably not illegal." *Doe v. St. Louis Cty. Police Dep't*, 505 S.W.3d 450, 455 (Mo. App. E.D. 2016). Whether the uncontested evidence of Petitioner's conduct amounted to marijuana possession (the offense for which he was arrested) is an issue we consider as we address MSHP's second point.

In Point 2, MSHP claims the trial court misapplied the law in finding that "[t]here is no probable cause, at the time of the action to expunge, to believe the individual committed the offense." MSHP argues the misapplication occurred when the trial court erroneously treated "ownership" of the marijuana as an element necessary to establish the offense of marijuana possession. We agree.

Petitioner claims he was arrested for "Possession of marijuana[.]" The petition does not identify the criminal statute or ordinance governing that offense, and Petitioner did not offer the charging document or any other evidence regarding the elements of that crime at trial.

In its brief, MSHP makes the following argument in support of its position on appeal:

> "Section 195.010(32), RSMo, defines the terms 'possessed' or 'possessing a controlled substance' as 'a person with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance.' " *State v. McCleod*, 186 S.W.3d 439, 443 (Mo. App. W.D. 2006). "Actual possession of a controlled substance requires that a person 'has the substance on his person or within easy reach and convenient control.' " *Id*, at 444. Thus, [Petitioner]'s admission would, if true, establish that he was in possession of marijuana. A voluntary admission of guilt by the accused person can establish probable cause to believe the accused person committed the crime charged for. *Sutton v. Mun. Ct. Div., Des Peres*, 462 S.W.3d 446, 449 (Mo. App. E.D. 2015).[4]

In its judgment, the trial court seems to accept as true Petitioner's admission to the arresting officer that he had smoked the marijuana. The trial court also credited and relied heavily on Petitioner's testimony that the marijuana was *Green's* mari-

---

**4.** As earlier noted, Petitioner did not file a brief disputing MSHP's claim that the legal authority it cites in its brief governs the resolution of this appeal.

juana. Based on these factual findings, the trial court then misapplied the law in determining that the arrest was based on false information and was made without probable cause.

We are unaware of any legal authority for the proposition that "ownership" of the marijuana at issue, as opposed to the "possession" of it, is an element of the crime of possession of marijuana. Rather, a "[d]efendant 'possesses' controlled substance when defendant knows of substance's presence, substance is immediately accessible, and defendant exercises 'dominion or control' over substance." *Black's Law Dictionary* 1162–63 (6th ed. 1990). Further, the word "control," "[a]s used in statute making it unlawful for any person to possess or 'control' any narcotic drug, is given its ordinary meaning, namely, to exercise restraining or directing influence over, and also has been defined to relate to authority over what is not in one's physical possession." *Id.* at 329. *Cf. State v. Paul*, 436 S.W.3d 713, 714 (Mo. App. W.D. 2014) ("[t]o sustain a conviction for possession of a controlled substance, the State must prove the following two elements: (1) conscious and intentional *possession* of the substance, either actual or constructive; and (2) awareness of the presence and nature of the substance") (quotation omitted; emphasis added); section 195.202, RSMo Cum. Supp. 2013 (prohibiting possession or control of a controlled substance).

█ Here, Petitioner admitted to smoking the marijuana. Accordingly, he was aware that the material he smoked was, in fact, marijuana, and he had actual possession and control over the marijuana by virtue of smoking it. As relevant here, "[t]he false information requirement and the probable cause requirement, when combined, 'necessarily imply and mean that a petitioner ... has the burden to

affirmatively demonstrate at a hearing, by a preponderance of the evidence ... his actual innocence of the offense for which he was arrested.' " *In re Dyer*, 163 S.W.3d 915, 919 (Mo. banc 2005) (quoting *Martinez v. State*, 24 S.W.3d 10, 20 (Mo. App. E.D. 2000)). Having failed to meet this burden, Petitioner was not entitled to have records relating to the arrest expunged under section 610.122.

MSHP's points are granted, and the judgment of the trial court is reversed.

JEFFREY W. BATES, P.J.—CONCURS

MARY W. SHEFFIELD, C.J.—CONCURS