

# Missouri Court of Appeals

### Southern District

#### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) |
| v. | )  No. SD35686 |
| | ) |
| JEREMY WAYNE FLOYD, | )  **Filed:  December 20, 2019** |
| | ) |
| Defendant-Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

#### Honorable David A. Dolan

**AFFIRMED**

Jeremy Wayne Floyd ("Defendant") appeals his convictions for one count of possession of a controlled substance and one count of tampering with physical evidence.[1] *See* sections 195.202 and 575.100.[2] Defendant's two points on appeal claim the trial court abused its discretion in excluding proffered hearsay testimony from a witness who claimed that another person told her that the drugs at issue belonged to him, not to Defendant. Finding no merit in that claim, we affirm.

#### Standard of Review

"We review the trial court's decision to admit or exclude evidence for an abuse of discretion." *State v. Hudson*, 230 S.W.3d 665, 669 (Mo.App. 2007).

---

[1] While Defendant's points purport to challenge both of his convictions, his argument addresses only his conviction for possession of a controlled substance, and we will limit our analysis accordingly. Defendant was sentenced to serve a total of 15 years in the Department of Corrections.

[2] Unless otherwise indicated, all statutory citations are to RSMo 2016.

> "The trial court is vested with broad discretion in ruling on questions of admissibility of evidence, and, absent a clear showing of abuse of discretion, this Court should not interfere with the trial court's ruling." *State v. Avery*, 275 S.W.3d 231, 235 (Mo. banc 2009). Moreover, our review "is for prejudice, not mere error, and the trial court's decision will be reversed only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. Johnson*, 207 S.W.3d 24, 34 (Mo. banc 2006).

*State v. Buller*, 582 S.W.3d 124, 128 (Mo. App. S.D. 2019).

## The Evidence

Sikeston police officers executed a search warrant at a residence during the early morning hours. They found eight or ten people inside. Those present included Defendant, Defendant's brother, April Shivers ("Ms. Shivers"), and Dakota "Cody" Smith ("Cody"). Ms. Shivers was the girlfriend of Defendant's brother. When the officers approached the house, Defendant was standing at the back door, and they told him to put up his hands. Instead of doing so, Defendant shut and locked the door, and officers had to use a battering ram to enter the home.

Once inside, police found Defendant walking out of a bathroom next to the living room. No other suspects were in that particular area. In the bathroom Defendant had just exited, officers found a running toilet that contained liquid laundry detergent and a torn plastic bag. Inside the trap of the toilet, officers also found a large bag of methamphetamine and a broken pipe. Defendant first told officers that he had just awakened and used the bathroom; he later said that he had not been in the bathroom at all. Officers found digital scales in the kitchen next to Defendant's billfold, along with 20 to 25 corner baggies consistent with drug distribution.

Defendant was charged with possession of a controlled substance with intent to distribute (Count 1) and tampering with physical evidence (Count 2). On Count 1, the jury

2

found Defendant guilty of the lesser-included offense of possession of a controlled substance. On Count 2, it found Defendant guilty as charged of tampering with physical evidence. We will include other relevant evidence as necessary to address Defendant's points on appeal.

## Analysis

The rejected testimony, elicited through an offer of proof from Ms. Shivers, was that Cody later told Ms. Shivers that the drugs located by the officers were his and that Defendant had nothing to do with them. Defendant's points claim the trial court abused its discretion in excluding this proffered hearsay testimony based upon two different alleged theories of admissibility, which we will address in the order presented.

### *Point 1 – Admissible via Due-Process*

Point 1 claims that Ms. Shivers should have been allowed to testify "about the exculpatory out-of-court statements [Cody] made to her" because they were against Cody's penal interest and their exclusion deprived Defendant of his due-process right to present a defense. Defendant first argues that the statement made by Cody to Ms. Shivers was admissible under **State v. Robinson**, 90 S.W.3d 547 (Mo. App. S.D. 2002), as it was made by an unavailable declarant, it would have totally exonerated Defendant, and it possessed substantial indicia of reliability. In general, Missouri courts have ruled that statements against penal interest are not a valid exception to the hearsay rule and are thus not admissible in criminal proceedings. **Id.** at 551. However, such statements may be admissible "where due process is implicated and where circumstances strongly indicate the reliability of the statement." **Id.** (citing **State v. Anglin**, 45 S.W.3d 470, 473 (Mo. App. W.D. 2001)).

3

For this narrow exception to apply, a defendant must show: (1) the declarant is unavailable as a witness; (2) there is substantial indicia of reliability of the alleged declaration; and (3) the declaration, if true, would exonerate the defendant. *Id.* The statement is admissible only if all three of these requirements are met. *Id.*

During her offer of proof, Ms. Shivers testified that Cody came back to the house on the same day of Defendant's arrest and told her that the drugs belonged to him, and that Defendant should not go to jail when the drugs belonged to Cody. Defendant claims that Cody's statement "totally exonerates [Defendant] of an offense based on the possession of a controlled substance" because "[t]here was no evidence presented at trial that [Defendant] actually possessed the methamphetamine; the theory of guilt presented by the State was merely that the circumstantial evidence seemed to suggest that [Defendant] had constructive possession of it."

This argument fails for several reasons, but we need only note that Cody's claim of ownership of the drugs at issue would not have exonerated Defendant because ownership is not an element of the crime of possession of a controlled substance. *Simpson v. State Highway Patrol Criminal Records Repository*, 522 S.W.3d 369, 373 (Mo. App. S.D. 2017). The only questions for the jury to determine were whether Defendant consciously and intentionally *possessed* the methamphetamine (either actually or constructively) and whether he was aware of the methamphetamine's presence and nature. *Id.* (Emphasis added.)

As Defendant concedes, the State presented substantial circumstantial evidence that Defendant had constructive possession of the methamphetamine. He was the only person walking out of the bathroom where the toilet was still running from just having been flushed. The water in the toilet was blue and had bubbles on top, indicating that detergent

4

had been recently poured into the commode.[3]  There was a torn plastic baggie in the toilet, along with a bag of methamphetamine and a broken pipe located inside the trap.  Defendant initially admitted that he had been in the bathroom, only to later change his story to claim that he had not been in the bathroom.

Evidence that someone else was the actual owner of the drugs in Defendant's possession was irrelevant to his guilt.  Thus, evidence that Cody was the owner of those drugs would not have exonerated Defendant on the charge -- one of the essential three requirements of the *Robinson* exception to the usual exclusion of hearsay evidence.  For this reason, the trial court did not abuse its discretion in excluding Ms. Shivers's proffered testimony.

Point one is denied.

### Point 2 – Admissible as Rebuttal evidence

Defendant's second point claims the trial court abused its discretion in excluding the proffered evidence from Ms. Shivers because the State "opened the door" to such testimony when it asked Ms. Shivers on direct examination "why she didn't want [Defendant] to go to jail[.]"  The following exchange is relevant to that claim:

| [State:] | You want [Defendant] out of jail? |
|---|---|
| [Ms. Shivers:] | I don't believe that [Defendant] should have to do the time when I don't believe it was his, no.  I know it wasn't his. |

During his redirect examination, Defendant attempted to ask Ms. Shivers if the reason she believed Defendant should not be in jail was due to the fact that Cody had admitted to her that the drugs were his.  The trial court again "sustained [the State's] objection to the admissibility of that evidence[.]"

---

[3] Testimony at trial indicated that methamphetamine dissolved in soap is not testable, whereas methamphetamine dissolved only in water is capable of being tested.

Evidence that would otherwise be inadmissible may become admissible if the opposing party "opens the door" to it during cross-examination, and when one party injects an issue into the case, the other party may be allowed to introduce otherwise inadmissible evidence in order to explain or counteract a negative inference. *State v. Shockley*, 410 S.W.3d 179, 194 (Mo. banc 2013). Here, Defendant argues that the State's question about whether Ms. Shivers believed Defendant should not be in jail "created the inference that Ms. Shivers had a motive to fabricate her testimony in order to keep [Defendant] out of jail[,]" and thus opened the door for Defendant to ask her the reasons behind her belief, namely that Cody had admitted that the drugs were his.

Contrary to Defendant's assertion, the State never inquired into Ms. Shiver's opinion about *why* she wanted Defendant out of jail, or *why* she believed Defendant should be out of jail. Further, the question, "You want [Defendant] out of jail?" did not, in and of itself, imply or suggest that Ms. Shivers would testify falsely to accomplish that goal. For these reasons, the trial court did not abuse its discretion in excluding the hearsay testimony based upon a claim that it constituted fair rebuttal evidence.[4]

Point two is also denied, and the judgment is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

---

[4] We also note that it would be difficult for Defendant to demonstrate that he was prejudiced by the ruling as Ms. Shivers provided the non-responsive testimony that Defendant was seeking, and the State did not ask the trial court to strike it.